E. M. HOOPER, plaintiff in error, *vs.* HOLMES SELLS, trustee, defendant in error.

Where a manufacturer of furniture furnished the materials for the improvement of real estate, but had no claim of lien recorded, and subsequently assigned the debt, "with all rights and liens," and his assignee recorded a claim of lien in his own name, brought suit thereon and recovered a judgment by default for the amount of the debt and the foreclosure of the lien:

*Held,* that such judgment will be set aside on motion. The assignee was not entitled to any lien as he did not furnish the materials, and the assignor had none to transfer, as he failed to declare his lien and to have the same recorded.

Liens. Judgments. Before Judge PEEPLES. Fulton Superior Court. April Term, 1876.

Neither the bill of exceptions nor the record disclosed what connection Murray had with the property upon which the lien was claimed, nor how he became connected with the transfer of the debt.

The facts are fully reported in the decision.

ARNOLD & ARNOLD, for plaintiff in error.

HOPKINS & GLENN, for defendants.

WARNER, Chief Justice.

It appears from the record and bill of exceptions in this case, that Hooper, as a manufacturer of furniture, obtained a judgment lien on certain described property mentioned therein as being the property of Holmes Sells, trustee of Amy H. and John D. Sells, in the superior court of Fulton county, under the 1979th section of the Code. At a subsequent term of the court to that at which the judgment was rendered, a motion was made by the defendant to set it aside on various grounds, which was granted by the court, and the plaintiff excepted.

It appears on the face of the plaintiff's declaration and

proceedings had to obtain the lien claimed on the property, that one Willis furnished the materials charged in the account for the permanent improvement of the property, but never made any declaration of his lien, or had the same recorded as required by the 1980th section of the Code. On the 6th of March, 1874, Willis made the following assignment in writing: "For value received I hereby sell, assign, and transfer, unto E. M. Hooper, the within and foregoing account for permanent improvements put on the Rondeau & Co. furniture factory property by myself, by consent of W. R. Hammond, attorney and agent of Geo. J. Murray, together with all the rights and liens that I have against said property." On the 7th of March, 1874, Hooper declared his lien on the property as a manufacturer of furniture, and had the same recorded on that day, and it was upon that statement of facts, substantially, that the judgment was obtained against Sells as trustee, declaring a manufacturer's lien on his property as such trustee, for the payment of $1,175.75 principal, besides interest.

Hooper had no lien on the property, because it is apparent on the face of the proceedings, that he did not furnish any of the materials charged in the account, for the improvement of the property, nor did he acquire any lien by the assignment of Willis to him, for the simple reason that Willis had no lien on the property to assign to him, he not having declared his lien for the materials furnished by him for the benefit of the property, and had the same recorded. Besides, it is difficult to see how the property of Sells, held by him as trustee, could be charged with a lien for materials furnished by Willis by the consent of Hammond as attorney and agent for Murray. Willis assigned all the lien he had against the property to Hooper, which was just none at all, for the reasons before stated. There was no error in setting the judgment aside on the statement of facts disclosed in the record.

Let the judgment of the court below be affirmed.