TEWKSBURY vs. BRONSON and another.

*February 24 — March 9, 1880.*

LIEN: ASSIGNMENT. *(1). When statutory right to lien does not pass by assignment.*

LIEN ON LOGS. *(2, 3) Amendment of complaint to charge personally a different defendant.*

1. The general rule in this state is, that, in the absence of any statutory provision to the contrary, the assignment of a claim for which the assignor may have by law a specific lien, before action, destroys the right to the lien *(Caldwell v. Lawrence,* 10 Wis., 331); and a reässignment to him does not revive the lien.

2. An action to enforce a lien given by statute for tolls on logs run through plaintiff's dam, is an action at law on contract *(Marsh v. Fraser,* 27 Wis., 596).

3. In such an action against X and Y, the complaint, alleging that X owned the logs and that Y had some claim upon or interest in them, demanded a personal judgment against X for the amount of the tolls, and that

the same be declared a lien upon the logs. It appearing on the trial that Y owned the logs, and the action being dismissed as to X, it was an abuse of discretion to refuse plaintiff permission to amend the complaint so as to demand a personal judgment against Y.

APPEAL from the Circuit Court for *St. Croix* County.

Plaintiff is the owner of certain dams across Clam river, in Barron county, erected and maintained by him pursuant to authority conferred by chapter 154, Laws of 1874, as amended by chapter 233 of 1876. This action is to enforce a lien on a quantity of logs sluiced through such dams in 1876, for the tolls which the act authorizes the plaintiff to charge therefor. The action was originally brought against the members of the firm of T. & J. Sutton and the above named defendants. The complaint avers that logs marked with four specified marks were thus sluiced through the dams; that T. & J. Sutton were the owners of such logs; and that *Bronson & Folsom* had some claim or interest in them. A personal judgment is demanded against the Suttons for the amount of such tolls, and that the same be declared a lien on the logs. The defendants answered jointly, that, before the action was commenced, the plaintiff assigned the claim in suit to a third party. The remainder of the answer is substantially a general denial. On the trial, the plaintiff testified that he did assign the claim as alleged in the answer, but that the assignee reässigned the same to him before the action was commenced. The testimony tended to show that logs bearing three of the marks specified in the complaint were passed through the plaintiff's dams, and that those marked with two of the marks (being most of the logs on which toll is demanded) belonged to *Bronson & Folsom*, and the remainder to the Suttons. On motion of the plaintiff, the action was dismissed as to the Suttons, and all the averments in the complaint relating to the logs marked with their mark were stricken out. The plaintiff also asked leave further to amend the complaint "by changing the prayer for relief therein so as to demand a per-

sonal judgment against *Bronson & Folsom,* so that said complaint will conform to the facts as proved." The circuit court denied the motion and nonsuited the plaintiff. Judgment was entered dismissing the action, with costs; and plaintiff appealed from the judgment.

For the appellant, there was a brief by *John W. Bashford* and *O. H. Comfort,* his attorneys, with *Bashford & Spilde,* of counsel, and oral argument by *R. M. Bashford.* They contended, 1. That the amendment asked for by plaintiff, if deemed necessary to entitle him to a money judgment against *Bronson* and *Folsom,* should have been allowed. "If the plaintiff demands relief in equity, when, upon the facts stated, he is only entitled to a judgment at law, or *vice versa,* his action does not, as formerly, fail because of the mistake. He may still have any judgment appropriate to the case made by the complaint." *Leonard v. Rogan,* 20 Wis., 542. To the same effect are *Fox R. V. Railroad Co. v. Shoyer,* 7 Wis., 365; *M. & M. Railroad Co. v. Finney,* 10 id., 388; *Brandeis v. Neustadtl,* 13 id., 142; *Tenney v. State Bank,* 20 id., 152; *Stroebe v. Fehl,* 22 id., 337; *Hopkins v. Gilman,* id., 476; *Schumaker v. Hæveler,* id., 43. And where an issue not presented by the pleadings has been fully litigated on the trial, the complaint or answer may be amended to conform to the facts proved. R. S. 1878, secs. 2830, 2669, 2671; Dixon's note to *Brayton v. Jones,* 5 Wis., 627; *Vilas v. Mason,* 25 id., 310; *Gilbank v. Stephenson,* 31 id., 592; *Giffert v. West,* 33 id., 617, 622; *Hodge v. Sawyer,* 34 id., 397; *Flanders v. Cottrell,* 36 id., 564; *Weston v. McMillan,* 42 id., 567; *Russell & Co. v. Loomis,* 43 id., 545. See the whole subject of amendment under the code fully discussed in *Supervisors v. Decker,* 30 Wis., 624; and the rule and reasoning in that case adopted in Pomeroy on Remedies, etc., §§ 562, 564. Counsel criticised an apparently conflicting statement in *Wrigglesworth v. Wrigglesworth,* 45 Wis., on p. 259, as not sustained by the authorities cited. He further cited, in support of the proposed

amendment, *Lackner v. Turnbull*, 7 Wis., 105, referred to approvingly in *Nary v. Henni*, 45 Wis., 475; *Moore v. Ruggles*, 15 id., 275; *Witte v. Meyer*, 11 id., 295; *Challoner v. Howard*, 41 id., 355; *State ex rel. Mitchell v. Smith*, 14 id., 564; *Tewksbury v. Schulenberg*, 41 id., 592; Pomeroy's Rem., § 580; R. S., secs. 2646, 2886; *Dunning v. Stoval*, 30 Ga., 444; *Glacius v. Black*, 50 N. Y., 145, and 67 id., 563. 2. That under the statute authorizing the maintenance of a dam, and declaring that " the aforesaid *Tewksbury*, his heirs and assigns, shall have a lien on all logs, . . . until the charges aforesaid are fully paid," plaintiff's lien was assignable; that even if that were otherwise, it would not be extinguished by the transfer of the claim, but the right to enforce it would be suspended merely, and the remedy was restored as soon as the claim was reäcquired by the plaintiff.    Phillips on Mech. Lien, §§ 266, 278; id., § 56 and cases there cited; 2 Washb. R. P., 292; *Kerr v. Moore*, 54 Miss., 286; *Davis v. Bilsland*, 18 Wall., 659; *Tuttle v. Howe*, 14 Minn., 145; *Laege v. Bossieux*, 15 Gratt., 83; *Skyrme v. O. M. & M. Co.*, 8 Nev., 219; *Ritter v. Stevenson*, 7 Cal., 389; *Goff v. Papin*, 34 Mo., 177.    Plaintiff was therefore entitled at least to a judgment establishing his lien against *Bronson* and *Folsom*.

For the respondents, there was a brief by *Baker & Spooner*, their attorneys, with *McClure & Marsh*, of counsel, and oral argument by *Mr. Marsh*.    They contended, 1. That as a condition precedent to any right to recover, plaintiff must have constructed and maintained the dams in the manner prescribed by secs. 1 and 2, ch. 154, Laws of 1874, under which he claims; and his failure in several important particulars to make proof of any compliance with the requirements of that act was of itself a sufficient ground of the nonsuit.    2. That the testimony failed to show the quantity of logs that went over the dam, and such failure was fatal to plaintiff's right to recover in the action.    1 Wharton on Ev., § 356.    3. That there was no proof that *Bronson & Folsom* owned the logs.

4. That there was no error in refusing to allow an amendment of the complaint so as to make it demand a personal judgment against *Bronson & Folsom*. The refusal was "entirely within the discretion of the court, and not the proper subject of exception." *Binnard v. Spring*, 42 Barb., 470; *Onondago Co. Ins. Co. v. Minard*, 2 N. Y., 101; *Olendorf v. Cook*, 1 Lans., 37. Sec. 2830, R. S., authorizes the court to allow an amendment of the pleading to make it conform to the facts proven, when such amendment does not change substantially the claim or defense. But the amendment there proposed would have been a substantial change in the claim against *Bronson & Folsom*. The action against them was purely equitable, and judgment could not go against them on a cause of action purely legal. *Wrigglesworth v. Wrigglesworth*, 45 Wis., 256, and cases there cited; *Nosser v. Corwin*, 36 How. Pr., 540. 5. That the lien granted by statute is simply in aid of the judgment against the owners of the logs; and, the action having been dismissed against the Suttons, who were the debtors, the lien fell with it. 6. That the assignment of the claim before the commencement of the action destroyed the lien. *Caldwell v. Lawrence*, 10 Wis., 331.

LYON, J. 1. By granting the nonsuit, the learned circuit judge necessarily held that the assignment by the plaintiff of the claim for tolls destroyed the right to a lien therefor on the logs, and that such right was not restored by the reässignment of the claim to the plaintiff before the action was brought.

In *Caldwell v. Lawrence*, 10 Wis., 331, this court held that the right to a lien given by statute to mechanics and others is not assignable, but is a mere personal right, which cannot be prosecuted by the assignee of the debt or demand for labor or materials in his own name. In that case the petition for the lien was filed by the person who furnished the materials before he assigned the claim to the plaintiff. In substance and

effect this is a ruling that the assignment of a claim before action, by one who might enforce a specific lien therefor, destroys the right to such lien and reduces the claim to a mere personal demand. The fact is mentioned in the opinion that the legislature had previously taken the same view of the statute by providing for the enforcement of a lien in a specific case by an assignee. Laws of 1859, ch. 113. In 1862 the same provision was incorporated in the law giving a lien on logs and lumber for work and supplies in certain counties. Tay. Stats., 1772, § 45.

The plaintiff's right to a lien for tolls depends upon section 4, ch. 154 of 1874, as amended by chapter 263 of 1876, which gives the lien and authorizes its enforcement "in the same manner as the lien of laborers on logs." In respect to such lien he stands on the same footing as "laborers on logs," unless there is something in the act which gives him a better remedy. Counsel argue that the words "the said Tewksbury, his heirs and assigns," as employed in section 4, renders the right to a lien assignable. We think not. These words are employed several times in the act, and manifestly refer in each case to the franchise. Tewksbury may collect tolls on logs run by aid of the dams; or his assignee of the right to maintain the dams may do so; or his heir may do so, if Tewksbury die without having assigned the franchise. But we find nothing in the act which, by any authorized rule of construction, permits an assignment of the right to a lien. If the right to a lien was destroyed by the assignment of the claim, no argument is necessary to prove that the reässignment thereof to the plaintiff did not and could not revive it.

There are cases which hold the contrary doctrine, and maintain it with great force of reasoning; but the case of *Caldwell v. Lawrence*, sustained as it is by legislative construction, has stood unchallenged too long to be now lightly overruled. If a different rule is desirable, it should be enacted by the legislature. In the absence of legislative action, we must fol-

low that case, and hold the general rule to be that the assignment of a claim for which the assignor might have a specific lien, before action, destroys the right to a lien.

2. The proposed amendment did not go to the cause of action, but only to the remedy. In *Lackner v. Turnbull*, 7 Wis., 105, an amendment was sustained which added to a prayer for a money judgment a prayer that such judgment be made a specific lien on certain real estate. The principle of the proposed amendment in the present case is the same. The amendment does not change the action from an equitable to a legal one. It was held in *Marsh v. Fraser*, 27 Wis., 596, that these lien suits are actions at law on contracts, notwithstanding they have some characteristics of suits in equity.

There seems no necessity here for circuity of action. No good reason is perceived why the rights of all parties may not be finally adjudicated in this action, and we think the refusal of the circuit court to allow the proposed amendment was not a proper exercise of its discretion.

*By the Court.* — The judgment is reversed, with directions to the circuit court to allow the amendment and award a new trial.