MERCHANT v. THE OTTUMWA WATER POWER CO. ET AL.

1. **Mechanic's Lien**: ASSIGNMENT: INSTALMENT. Under chapter 8 of title XIV of the Code, as amended by chapter 44, laws of 1874, the assignment of an instalment due a mechanic for work, before the completion of his contract, did not carry with it the right to a mechanic's lien upon the property.

*Appeal from Wapello Circuit Court.*

WEDNESDAY, OCTOBER 6.

ON the 19th day of December, 1877, the plaintiff filed a petition alleging, in substance, that in 1875 the Ottumwa Water Power Company, a corporation duly organized, entered into a written contract with D. B. Sears & Son, by which they were to furnish materials for, and do work upon, the construction of its water-works; that said Sears & Son commenced work under their contract in the spring of 1875, and continued during 1875, 1876, and part of 1877, furnishing materials and performing labor to the amount of ―― thousand dollars; that from time to time, as the work progressed, the civil engineer of said company prepared estimates of the labor and material, and the board of directors of said company would allow to be paid to said Sears & Son instalments as the work progressed, and direct the president to draw orders upon the treasurer therefor; that November 13th, 1875, said company being indebted to said Sears & Son in a large amount, the board of directors authorized the president and secretary to issue to said Sears & Son, on account of such indebtedness, an order upon the treasurer of the company for the sum of $3,000, which said order was as follows:

" $3,000.  OTTUMWA, IOWA, Nov. 13, 1875.

" To CHARLES F. BLAKE, *Treasurer Ottumwa Water Power Co.*:

" Pay to the order of D. B. Sears & Son three thousand dollars, with ten per cent until paid, and charge to account.

"W. B. BONNIFIELD, *President.*

" Countersigned by J. O. BRISCOE, *Secretary.*"

That said order was duly presented to the treasurer, and not paid for want of funds, and was in due course of business, and for a valuable consideration, by said Sears & Son assigned to Merchant Bros., by indorsement on the back thereof as follows:

" Pay Merchant & Bros., or order.

"D. B. SEARS & SON."

That said Merchant & Bros., by indorsement on the back of said order, duly assigned it to petitioners, as follows:

" For value received, we hereby sell and assign the within to M. A. Merchant.

"APRIL 7, '76.                    MERCHANT BROS."

That after said order was assigned to petitioner payment was again demanded of the treasurer, but it was not paid for want of funds; that on December 18th, 1876, petitioner commenced an action in the Wapello District Court against said company on said order, and on the 9th day of February, 1877, recovered a judgment against said company for $3,-359.13, no part of which has been paid; that when said order was issued said Sears & Son, by virtue of the statute known as the mechanic's lien law, had a lien upon all the real estate of said company, with the improvements thereon; that when said order was assigned to petitioner the assignment carried with it said lien, and it still exists in favor of petitioner; that on or about December 1, 1876, said company claims to have executed to J. G. Hutchinson a mortgage covering all the real estate, etc., belonging to said company, being the same property covered by the mechanic's lien of petitioner; that said Hutchinson, to whom said mortgage was executed as trustee, had full knowledge of the fact that plaintiff owned said order, and that it was secured by a mechanic's lien upon the property covered by the mortgage; that said mortgage provides that bonds of $100 each may be negotiated to the amount of $15,000, and said trustee claims

that some of said bonds have been negotiated; that said Sears & Son completed their work under said contract about the 15th day of January, 1877, and said defendant was indebted to Sears & Son, upon completion of the work, in the sum of $10,000; that plaintiff caused to be filed in the office of the clerk of the District Court a verified statement of his claim, as required by law, on the 19th day of December, 1877. The plaintiff prays that a lien may be decreed in his favor prior to the lien created by the mortgage.

The defendants filed a demurrer to the petition, which the court sustained. The plaintiff elected to stand upon his petition. Thereupon the court rendered judgment against the plaintiff for costs. The plaintiff appeals.

*Stiles & Lathrop* and *W. H. Stivers*, for appellant.

*Hutchinson & Mast* and *H. H. Trimble*, for appellee.

DAY, J.—It appears from the allegations of the petition in this case that Sears & Son completed their contract about the 15th day of January, 1877. It does not appear that they ever filed any claim for a lien. The negotiable order in question was drawn November 13, 1875; was afterward indorsed to Merchant & Bros. or order, and was subsequently, on April 7, 1876, assigned to the plaintiff. On the 9th day of February, 1877, judgment was recovered upon this order against the company without any reference to a claim for a mechanic's lien. On the 19th day of December, 1877, and a little more than eleven months after the completion of the contract of Sears & Son, the plaintiff filed a claim for a lien. The plaintiff claims the right to this lien solely in virtue of the assignment to him of the order in question. As to the assignability of a mechanic's lien independently of a statute specially authorizing it, there is a conflict of authority. The following authorities hold that the lien of a mechanic or material man is a personal right, and cannot be assigned: *Caldwell v. Lawrence*, 10

<div style="margin-left:2em">1. MECHANIC'S lien: assignment of: installment.</div>

Wis., 33; *Pearson v. Tincker*, 36 Maine, 384; *Rollin v. Cross*, 45 N. Y., 166.

The following authorities hold that where the contractor has completed his contract and filed his claim for a lien, he may assign both the debt and the lien: *Tuttle v. Howe*, 14 Minn., 145; *Skryme v. Occidental Mill and Mining Co.*, 3 Nevada, 219; *Davis v. Bilsland*, 18 Wallace, 659. In *Young Stone Dressing Co. v. Wardens St. James Church*, 61 Barbour, 489, the assignment and lien were sustained, but not on account of any claim for a lien filed by the assignee, for the statement of the case shows that the assignee upon the trial disavowed the lien by him filed as a ground of claim in the action. In *Iaege v. Bossieux*, 15 Grattan, 83, the contractor assigned his contract before the completion of the work, and it was held this assignment entitled the assignee to the contractor's lien. We have been cited to no case, nor have we found any, where it has been held that the assignment of an installment due before the completion of the work carried with it to the assignee the right to file a claim for and to enforce a lien. The law in force at the time this assignment was made was chapter 8, of title 14 of the Code, as amended by chapter 44, Laws Fifteenth General Assembly. The amendment is to section 2142, and provides that "the lien herein given shall be transferable and assignable." The right to a lien arises when the labor is done or the material is furnished. But this right' the laborer or material man may waive. He may not desire to insist upon it and enforce it. Section 2133 provides what a subcontractor must do, and section 2137 provides what every other person must do who wishes to avail himself of the provisions of the chapter conferring the lien. If this is not done the lien continues to be of an inchoate and contingent character. Now the provision above cited from the amendment of the statute, that "the lien herein given shall be transferable and assignable," refers, we think, to the lien perfected by the filing of a claim therefor, and not to the mere inchoate right to a lien. But, however

this may be, we feel clear that the mere assignment of an installment before the contract is completed does not carry with it, under this statute, the right to file a claim for a lien. At the time this order was assigned Sears & Son were not themselves entitled to any lien. They had no right to file a claim for a lien until their work was completed. "The statute does not contemplate that a contractor or subcontractor may from time to time, as the work progresses, file successive liens for work and materials performed and furnished under an entire contract; but he is entitled to acquire only one lien, and for this purpose his claim must be filed within the time specified in the statute, after the completion of the work." *Cox v. Western Pacific R. R. Co.*, 44 Cal., 13. See also Phillips on Mechanic's Liens, section 324. If, then, Sears & Son had no right to a lien at the time they assigned the order, it would seem to follow that their mere assignment of the order would not carry any future right to a lien which might be acquired, and if Sears & Son could not themselves divide their claim into parts and file successive liens, it follows, it seems to us, that they could not by assigning portions of their claim to different persons confer upon each one the right to file and enforce a lien. Appellant insists that a mechanic's lien is like a vendor's lien, or the lien of a mortgage, and that a transfer of a part of the debt transfers a proportionate interest in the security. But the mere inchoate right to a mechanic's lien is not like a mortgagee's or a vendor's lien. It may be that when the lien is perfected as provided in the statute a transfer of a portion of the claim would transfer an interest in the security. But that question is not in this case, and is not determined. Chapter 100, Laws Sixteenth General Assembly, providing in section 13 that the lien "shall follow the assignment of the debt," took effect after the assignment in question was made, and has no bearing upon it. The judgment of the court is

AFFIRMED.