Langan & Noble v. Sankey.

LANGAN & NOBLE v. SANKEY.

1. **Mechanic's Lien**: ASSIGNMENT OF. A mere right to a mechanic's lien, before the lien has been perfected by the filing of the claim, is not assignable. Following *Brown v. Smith, ante*, p. 31.

2. **Contract**: WHEN VOID: EFFECT AS AN ESTOPPEL. A contract which is void as against public policy has no vitality for any purpose, and cannot be made the basis of an estoppel.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, DECEMBER 8.

ACTION AT LAW. Judgment for the defendant, and plaintiffs appeal.

*Ryan Bros.* and *Lafferty & Johnson*, for appellants.

*H. K. Stahl, J. C. Cook* and *M. E. Cutts*, for appellee.

SEEVERS, J.—I. The defendant is an attorney at law, and plaintiffs state in their petition certain claims were placed in his hands, for the purpose of procuring and enforcing mechanic's liens "thereon as and for sub-contractors, but that by reason of the want of skill, and by reason of the negligence of said defendant, and from no other cause, no notice of the filing of the claims of said parties as sub-contractors was served upon the Iowa, Minnesota & North Pacific Railway Company, its agent or trustee, nor was any attempt made by the defendant to comply with the statute requiring notice," whereby said lien instead of being preserved was wholly lost, to the great damage of the plaintiffs.

In response to a motion for a more specific statement, the plaintiffs set out in an amended petition the claims or demands upon which it was sought to establish the lien. They are as follows:

"Monroe, Iowa, Nov. 25, 1876. ·

"Messrs. Field & Eberhart, please let S. Smith have five dollars in trade, and charge the same to Iowa & Minnesota Railroad Construction Company.

"O. Fuller, *foreman.*"

"Fairview, Oct. 12, 1876.

"I certify that I. Starge has worked one day in October, at $2.75 per day. Due $2.75.

"O. Fuller, *foreman.*"

"Monroe, Nov. 10, 1876.

"Paymaster please give bearer five dollars and fifty cents of my pay.

"John Adams."

There were a large number of other orders or vouchers similar to the foregoing, except as to the amount, to whom payable, or by whom drawn.

It was stated in the petition that the parties who placed the claims in the hands of defendant had furnished, on said "orders and certificates, merchandise and money to the full value of the same, and received such orders and certificates as evidence of indebtedness against said construction company, and that thereby the amounts due the laborers became, and were, assignments to said parties of the amounts due as evidenced by said orders and certificates, and that said purchasers and holders of said certificates and orders were entitled to the same rights and remedies that the parties who did the work, and received the certificates and orders, could have enforced."

On motion of the defendant, the paragraphs of the amended petition setting up said orders and certificates, as the basis for 1. MECHANIC's a mechanic's lien, were struck out. This ruling lien : assignment of. presents the question whether the right to a mechanic's lien is assignable.

It is provided by statute, Miller's Code, § 2139, that "The mechanic's liens are assignable and shall follow the assignment of the debt." We have had occasion recently to consider and construe the foregoing statute, and have held that a mere inchoate right to a lien is not assignable, so as to vest in the assignee the right to file and perfect the same. *Merchant v. Ottumwa Water Power Company*, 54 Iowa, 451; *Brown v. Smith, ante*, p. 31.

This being so, it follows the plaintiffs and others were not entitled to a lien, and, therefore, were not damaged by the failure of the defendant to give the notice required by law.

II. It is stated in the petition that when it was determined in the District Court the said parties were not entitled to liens, it was orally agreed between said parties and the defendant that he, "defendant, would at his own expense prosecute an appeal to the Supreme Court of Iowa in the Lounsbury case (49 Iowa, 255), * * * as a test case, and that if the holding of the court below was sustained he would concede that the fault was entirely his own, and would pay the amounts of the claims of above plaintiffs, * * * and would pay the costs in such cases incurred." This allegation of the petition, on motion, was struck out on the ground such a contract was void as being against public policy.

2. CONTRACT when void: effect as an estoppel.

It is conceded, as we understand, by counsel for the appellant, that an action could not be maintained to enforce the contract, and that *Adye v. Hanna et al.*, 47 Iowa, 264, is decisive as to this question. But it is insisted such a contract may be relied on as an estoppel, and a recovery therefor had.

We do not believe this is correct, and are unwilling to hold that a contract void as being against public policy has any vitality whatever. It matters not how it may be pleaded, a substantial right cannot be enforced thereunder. That which cannot be recovered in an action on the contract should not be permitted to be done by indirection. Besides this the defendant did not affirm any fact to be true which turned out

to be false. At most he asserted his legal opinion, and upon that the contract was based.

No other questions presented by counsel in their argument need be considered.

AFFIRMED.