[No. 19037. Department Two. — February 1, 1893.]

J. S. MILLS, APPELLANT, v. LA VERNE LAND COMPANY ET AL., RESPONDENTS.

MECHANIC'S LIEN — ASSIGNMENT — PERSONAL RIGHT. — The mere right of a laborer or material-man to assert and create a lien under the mechanics' lien law is a personal right, and cannot be assigned.

ID. — ASSIGNMENT OF DEBT — RIGHT TO CREATE LIEN. — The rule that the assignment of a debt carries with it the lien by which it is secured, if applicable at all to a mechanic's lien, does not apply, where, at the time of the assignment of the debt of a laborer or material-man, the assignor had merely a personal right to create a lien by complying with the statute.

STATUTES — POWER OF COURT. — A court can neither make nor amend a statute, but must enforce it as enacted.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*J. G. Rossiter*, for Appellant.

*W. S. Wright*, for Respondents.

McFARLAND, J. — This action was brought to enforce an asserted lien under the mechanic's lien law. The court below sustained a general demurrer to the complaint, and judgment was rendered for defendants. Plaintiff appeals.

The averments of the complaint are (in brief), that the La Verne company, defendant, was indebted to Meek & Benton in the sum of seven hundred dollars for labor and materials furnished by them for and in the construction of a building on land of said company; that said Meek & Benton, by a written instrument, assigned the indebtedness to plaintiff, and also assigned, if the thing could be done, all their "right of lien" against said building and land; and that afterwards, and within the statutory time, plaintiff, as assignee, formally filed in the recorder's office a notice of claim of lien against said property for the money due said Meek

& Benton for the said labor and materials which *they* had furnished as aforesaid.   And we think that the demurrer was properly sustained.

The question presented is, not whether *a lien* for work or materials can be assigned, or would pass under an assignment of the debt secured, but whether a laborer or material-man can assign his mere right to assert and create a lien by complying with statutory provisions, and clothe the assignee with the power to create the lien for himself; and we are satisfied that he cannot.   This question has never been heretofore determined in this state.   In *Patent Brick Co.* v. *Moore,* 75 Cal. 205, referred to by appellant, the only question involved was, whether, in an action brought by the assignee of " a lien," there should be an averment that the assignment was in writing.   The case in our reports which comes the nearest to touching the *principle* involved is *Godeffroy* v. *Caldwell,* 2 Cal. 489, 56 Am. Dec. 360, where it was held that " one who advances money as a loan, although it is expressly for the payment of materials and labor devoted to the erection of a building, can have no claim to the benefit of the [mechanic's lien] law."

The decisions on the point in other states are, no doubt, somewhat conflicting, although the conflict may be explained, to some extent, by the different provisions of various statutes, some showing more clearly than others that only a personal right was intended to be conferred.   But the weight of authority is clearly to the point that the said right cannot be assigned.

In *Rollin* v. *Cross,* 45 N. Y. 771, the court said: "The lien under statutes of this character is, in general, a personal right given to the mechanic, material-man, and laborer for his own protection, and the right to create it cannot be assigned or transferred to another.   The statute under which the plaintiff claims does not authorize a lien to be filed by the assignee of a debt for work performed under a building contract."   In *Fitzgerald* v. *Trustees,* 1 Mich. 243, the court holds that " the lien is personal to the contractor or subcontractor, and is assignable."   In

*Caldwell* v. *Lawrence*, 10 Wis. 331, it is held that "the lien of the mechanic, lumberman, etc., for work and materials is a personal right, and cannot be transferred or assigned so as to enable the assignee to prosecute the claim in his own name, and avail himself of the benefit of the lien given against the building." In Iowa, the courts having decided that such right was not assignable, the legislature enacted that "the mechanics' liens are assignable, and shall follow the assignment of the debt"; but the court, in *Brown* v. *Smith*, 55 Iowa, 31, held that the statute referred "to the lien perfected by the filing of a claim therefor, and not to the inchoate right to a lien," and further, as follows: "The mere performance of the requisite labor is not sufficient. His right to a lien cannot be said to exist until he has complied with the statute. When he does so, it will be conceded, for the purposes of this case, that he has a lien which may be assigned, and that an assignment of the account carries with it the lien. The language of the statute is, that the lien is assignable, and not the mere right, which follows the performance of labor, and which depends for its existence on the volition of the subcontractor." In the late case of *Horton* v. *Sparkman*, 2 Wash. 168, the court, speaking of a claim filed by an assignee, said: "This he could not do. The lien given by statute is personal to the laborer; it does not run with the chose in action." There are many other decisions in various states to the same point; but the foregoing citations are sufficient to show the general drift of judicial opinion on the subject.

In Phillips on Mechanics' Liens, decisions on both sides of the question are referred to; and we think that the true rule is expressed in the following paragraph, from section 54 of said work: "Where, throughout the whole act, the right of lien and the right to enforce it appear to be confined to the contractor, laborer, or persons furnishing materials, and where in no instance is the assignee of such claim recognized in connection with the

creation or enforcing of the lien, there can be no construction given to such a statute other than as conferring a mere personal right on the contractor, laborer, etc., and not on his assignee." And under our statutory provisions on the subject, no right of lien is given to an assignee, or to any person other than those mentioned in section 1183 of the Code of Civil Procedure; and the persons there mentioned include only " mechanics, material-men, contractors, subcontractors, artisans, architects, machinists, builders, miners, and all persons and laborers of every class, *performing labor upon or furnishing materials to be used in the construction,*" etc.

Appellant invokes the rule that the assignment of a debt carries with it the lien by which it is secured. But, in the first place, that rule is not of universal application; it does not apply, for instance, to vendors' liens, or to the many liens which accrue to various kinds of bailees. And in the second place, at the time of the assignment of the debt to plaintiff in the case at bar, there was no lien securing it in existence; the assignors had merely a personal right to create a lien by complying with the statute. But the statute nowhere confers such right upon an assignee. It would be impossible for an assignee to comply with the statute, for the code (sec. 1187) provides that the contractor, or other persons mentioned in section 1183, must himself file a claim for record, stating the character of the labor or materials which *he himself* furnished for the building. And this shows clearly that the legislature was providing a lien only for a contractor, laborer, or material-man. It is urged that it would be a construction beneficial to the laborer to hold that he could sell or raise money upon his mere personal, inchoate right to procure a lien; but the legislature may not have thought that it would be advantageous to a laborer (for whose benefit the law was originally passed) to allow him the privilege of frittering away his wages at ruinous discount to money-lenders and speculators. At all events, a court

can neither make nor amend a statute. The law must be enforced as we find it enacted.

Judgment affirmed.

DE HAVEN, J., and HARRISON, J., concurred.

Hearing in Bank denied.