[No. 15580.   Department One.—September 26, 1894.]

## G. P. McCREA, APPELLANT, v. KATE JOHNSON ET AL., RESPONDENTS.

MECHANIC'S LIEN—ASSIGNEE OF CLAIMS—NOTICE OF LIEN.—An assignee of the claim of a mechanic or a materialman has no right to file in the recorder's office a notice of claim of lien, nor to serve upon the owner of the building the notice, provided for by section 1184 of the Code of Civil Procedure, requiring the owner to withhold from the contractor sufficient funds to meet his demands.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

J. C. Bates, and G. P. McCrea, in propria persona, for Appellant.

W. H. Mahony, for Respondents.

Garoutte, J.—The plaintiff is the assignee of the claims of certain laborers who performed work for a subcontractor in the erection of a building belonging to the respondent, Kate Johnson. Her codefendants are the original contractors and the subcontractors. After the aforesaid assignment was made the assignee proceeded under section 1184 of the Code of Civil Procedure, and served a notice upon said Johnson stating that he was such assignee, and, among other things, requesting her to withhold from the contractor sufficient funds to meet his demands therein stated. Plaintiff subsequently filed his claim of lien, and brought this action to recover thereon.

Two questions only are involved in this appeal: 1. Has an assignee of the claim of a mechanic or a materialman the right to file in the recorder's office the notice of claim of lien provided by the statute?  2. Has such assignee the right to serve upon the owner the notice provided by the terms of section 1184 of the Code of Civil Procedure?  We are compelled to answer both interrogatories in the negative. It is squarely decided in *Mills* v. *La Verne Land Co.*, 97 Cal. 254, 33 Am. St. Rep. 168, that the right to create and assert a mechanic's or laborer's lien, under the mechanic's lien law, is a personal right and nonassignable. It is sufficient to say that we are entirely satisfied with the principle there declared, and now reaffirm it as the law of this state. A large majority of the cases cited by the appellant as opposed to this view are not in point. They come directly in line with the views of this court as found expressed in the recent case of *Duncan* v. *Hawn*, opinion filed September 5, 1894, *ante*, p. 10.

We are also satisfied that the principle which points the judgment in the Mills case, when applied to appellant's right to give the notice to the owner contemplated by section 1184 of the Code of Civil Procedure, is fatal to his claims upon this appeal. The right to give this notice and to secure certain benefits thereby was a personal right of the laborer, which could not be assigned.

It was no more assignable than the right to file a notice of claim of lien was assignable. Plaintiff's assignors transferred to him their claims and demands, and those claims and demands were against the subcontractor alone who employed them. At the date of such assignment they had no claim or demand against the owner of the building of any kind or character, and, consequently no legal rights against the owner passed to the plaintiff by the assignment. The effect of the notice provided by the section of the code, when served by the proper parties and under certain conditions, is to create new rights and new liabilities, and, for the purposes of this case, it is entirely immaterial whether such service results in the creation of a lien upon the fund in the hands of the owner owing to the contractor, or whether a simple legal liability is created in favor of the laborer and against the owner. Under either of these conditions, the assignment of the demand cannot carry with it the right to give a notice which will accomplish such results. If a lien is created by the service of the notice, then the case is squarely within the principle declared in *Mills* v. *La Verne Land Co.*, 97 Cal. 254; 33 Am. St. Rep. 168; and, if the service of the notice simply results in the creation of a legal liability against the owner of the building, where none before existed, the same principle is equally applicable, and there can be no assignment of such a right.

For the foregoing reasons, the judgment is affirmed.

HARRISON, J., and VAN FLEET, J., concurred.