CASE 94—PETITION EQUITY—FEBRUARY 7.

# Frailey, for use, &c., v. Winchester, &c., R. Co. Baker, for use, &c., v. Same.

### APPEALS FROM LEE CIRCUIT COURT.

LABORER'S LIEN ON PUBLIC IMPROVEMENT.—Under the act "to create a lien on canals, railroads or other public improvements in favor of persons furnishing labor or material for the construction or improvement thereof" (appendix to General Statutes, page 88), no lien attaches unless the person who performs the labor, or furnishes the labor, material or teams, files a sworn statement as required by the statute; and if he fails to file such statement, one to whom he assigns the claim can not acquire a lien by making the required statement and affidavit in his stead. The lien being a statutory right, dependent upon a substantial compliance with the terms of the statute, no rule of equity can be invoked in this case to give relief which the statute fails to furnish.

J. M. BEATTY AND H. L. WHEELER FOR APPELLANT.

Construing the statute with reference to its spirit and intent, appellants are entitled to a lien. (Act of March 29, 1888, Appendix to General Statutes, p. 88.)

ED. M. WALLACE FOR APPELLEE.

1. Appellants have no interest in this controversy, were not parties to the suit below, and have no right to prosecute this appeal.
2. By the proceedings in the lower court there was no attempt to assert a lien.
3. The steps necessary to perfect the alleged lien were not taken in the time required by law, and no affidavit was ever filed by the person or persons who did the labor for which the lien is claimed.

4. The total amount due to the sub-contractors, Pryse & Robinson, for work on the road is admitted to have been paid in full to and for them before the railroad had any notice of the alleged lien.

5. The laborers of a sub-contractor have, under the statute, no lien.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellee entered into a contract with the Beattyville Construction Company to build a certain part of its road.   Beattyville Construction Company sublet to Thompson Bros., Collier & Co.   Pryse & Robinson entered into a contract with the last named company, undertaking a portion of the work in the construction of the railroad.

During the progress of the work Pryse & Robinson gave laborers whom they employed in the work what were known as labor tickets.   Certain ones of these laborers disposed of their tickets to David Pryse until they amounted to three hundred and seventy-five dollars and sixty-eight cents.   In the same way Thomas Pryse acquired labor tickets amounting to one hundred and forty-six dollars and eighty cents.   Each of the Pryses filed his separate statement and affidavit with the county clerk, giving the names of the persons from whom each obtained the labor tickets, and in which it was stated that the liens were being asserted for the use of the Pryses for their respective claims.   Each proceeded upon the idea that he was entitled to a lien on the property and franchises of the Winchester and Beattyville Railroad Company.   In proceedings had below the court held that they did not have liens on the property and franchises of appellee.   From that judgment this appeal is prosecuted for the use of Thomas and David Pryse.

The liens are asserted under an act, entitled "An act to create a lien on canals, railroads and other public improvements in favor of persons furnishing labor or materials for the construction or improvement thereof," found on page 88, Appendix to General Statues.

Neither of the Pryses performed labor, or furnished labor, material or teams, for the construction or improvement of the railroad.

Not having performed labor, or furnished labor, materials or teams, for the construction of the railroad, under a contract, express or implied, with the owner, or by a sub-contract thereunder, they are not entitled to a lien upon the property and franchises of the appellee.   By the express terms of the statute none except those so situated can assert a lien under the act *supra*.

None but those who performed the labor, furnished labor, materials or teams can make the necessary statements and affidavits to cause the lien to attach, as section 3 of the act says: "No lien provided for in this act shall attach unless the person who performs the labor, or furnishes the labor, material or teams, shall, within sixty days after the last day of the last month in which any labor was performed or material or teams were furnished, file in the county clerk's office of each county in which the labor was performed or materials or teams were furnished, a statement in writing, verified by affidavit, setting forth the amount due therefor and for which the lien is claimed and the name of the canal, railroad or other public improvement upon which it is claimed."

None of the laborers who disposed of their tickets to the Pryses filed such statement and affidavit.

It is not contended that any materials which entered into the construction of the road were furnished by the Pryses. No claim is made that they employed laborers to aid in its construction. It is not even suggested that they furnished teams to be used in the prosecution of the works. They simply obtained the tickets which the sub-contractors gave laborers, which authorized the holders to draw the money which they represented. The laborers not having done that which the law required as a prerequisite to the attachment of a lien, no lien followed the debt into the hands of the Pryses. The lien being a statutory right, dependent upon a substantial compliance with its terms, no rule of equity can be invoked in this case to give that relief which the statute denies or fails to furnish.

Judgment affirmed.