## FLEMING ET AL. *v.* GREENER ET AL.

[No. 6,105.   Filed January 17, 1908.]

1. LIENS.—*Perfection   of.—Laborers.—Assignment.*—The assignment, by railroad construction laborers, of wages earned should not be held to give the assignees the right, under §8305 Burns 1908, Acts 1889, p. 257, §6, providing that such laborers may acquire a lien upon such railroad, to perfect the liens personally

or in the name of their assignors. *Midland R. Co.* v. *Wilcox*, 122 Ind. 84, *contra.* p. 79.

2. APPEAL.—*Transfer.—Erroneous Ruling Precedent.*—Where the Appellate Court deems a ruling precedent of the Supreme Court erroneous, it must transfer the pending case to the Supreme Court. p. 81.

From Dubois Circuit Court; *E. A. Ely,* Judge.

Suit by Andrew Greener and others against Robert H. Fleming and others. From a decree for plaintiffs, defendants appeal. *Transferred to Supreme Court.* (For decision on merits, see — Ind. —.)

*M. W. Fields, Harvey Harmon, W. E. Cox* and *R. W. Armstrong,* for appellants.

*Leo H. Fisher, A. L. Gray, W. A. Traylor* and *Bomar Traylor,* for appellees.

RABB, J.—The appeal in this case is from the judgment of the court below, rendered in favor of the appellees against the appellants, Southern Railway Company, the Southern Railway Company of Indiana, and others, declaring and enforcing, along with other relief granted, a laborer's lien upon said railroad in favor of said appellees and against the railway companies. The railway companies, appellants herein, entered into a contract with appellant McDonald for the construction by McDonald on the line of their road of a cement bridge and culvert. McDonald sublet a part of the work to appellant Waidley. McDonald and Waidley employed a large number of persons to perform work and labor in the construction of said bridge and culvert, and purchased from various persons a large amount of material to be used in said work. They issued to those to whom they became indebted for such labor and material written evidences of such indebtedness, called "time checks." The holders of these checks, without having filed notice of an intention to hold a lien on the railroad for their claims, as provided by the statute, assigned said time checks, by indorsement in writing, and for a valuable consideration, to the appellees, who after-

wards in their own names and in the names of their assignors, filed in the office of the recorder of the county wherein said work was done notice of their intention to hold a lien on said road for said labor claims, to which notice they also appended the names of their assignors, without authority, however, to do so, except as such authority might be inferred from the assignment of the time checks.

One of the questions presented by this appeal, upon which the judgment of the court below in declaring the lien upon appellants' road for the amount of such claims so as-

1.  signed to appellees must stand or fall, is whether the assignment of said labor claims, as aforesaid, carried with it any right in the assignee to perfect the lien allowed by the provisions of §8305 Burns 1908, Acts 1889, p. 257, §6.

This precise question was presented to the Supreme Court in the case of *Midland R. Co.* v. *Wilcox* (1890), 122 Ind. 84, and it is there affirmed that such assignment carried with it the right in the assignee to perfect and enforce the lien. The distinction between the assignment of a debt secured by the perfected lien, and the assignment of a debt not thus secured, but which might by the act of the original creditor be so secured, does not seem to have been in the mind of the court in the rendition of this decision, and the assignment is discussed in the opinion of the learned judge who spoke for the court as though the question involved in the case was simply whether or not a perfected mechanic's lien is assignable.

It is the opinion of this court that §8305, *supra,* giving liens to persons who perform work or furnish material in the construction of railroads, etc., was intended for the sole benefit of the persons named in the law, and that no lien attaches securing claims for such services or material until notice has been filed in the office of the proper county, as provided in §8306 Burns 1908, Acts 1883, p. 140, §13; and that the assignment of such claims by the persons performing such work, or furnishing such material, and entitled

under the law to perfect the lien therefor, before such lien is perfected, carries with it no right in the assignee to a lien. The law was not intended for the benefit of such assignee. This view we think harmonizes with the manifest purpose of the statute, the general principles of law, and the great weight of the decided cases. It is supported by the following cases: *Mills* v. *Le Verne Land Co.* (1893), 97 Cal. 254, 32 Pac. 169, 33 Am. St. 168; *McCrea* v. *Johnson* (1894), 104 Cal. 224, 37 Pac. 902; *Dano* v. *M. O., etc., R. Co.* (1872), 27 Ark. 569; *Tewksbury* v. *Bronson* (1880), 48 Wis. 581, 4 N. W. 749; *Mason* v. *Germaine* (1870), 1 Mont. 263; *Brown* v. *Smith* (1880), 55 Iowa 31, 7 N. W. 401; *Langan & Noble* v. *Sankey* (1881), 55 Iowa 52, 7 N. W. 393; *Merchant* v. *Ottumwa Water Power Co.* (1880), 54 Iowa 451, 6 N. W. 709; *Frailey* v. *Winchester, etc., R. Co.* (1895), 96 Ky. 570, 29 S. W. 446; *O'Connor* v. *Current River R. Co.* (1892), 111 Mo. 185, 20 S. W. 16; *Rollin* v. *Cross* (1871), 45 N. Y. 766; *Roberts* v. *Fowler* (1857), 4 Abb. Prac. 263; *Goodman* v. *Pence* (1887), 21 Neb. 459, 32 N. W. 219; *Brown* v. *Harper* (1870), 4 Ore. 89; *Casey* v. *Ault* (1892), 4 Wash. 167, 29 Pac. 1048.

The Supreme Court of this State, in the subsequent case of *Jenckes* v. *Jenckes* (1896), 145 Ind. 624, 634, in speaking of the claims of the mechanics or materialmen, says: "Such claims may, of course, be assigned, but they carry no lien, unless a lien has first been perfected by the mechanic or materialman, * * * and it is only such mechanic, laborer, or materialman that may perfect the lien; and it is only after the lien has been perfected, as in the case of any other lien, that it may be assigned."

This declaration of the law was not necessary to the decision of that case, and therefore we do not think can be regarded as overruling the case of *Midland R. Co.* v. *Wilcox, supra*, upon this point; but we think it correctly expresses the law and is entitled to great consideration.

In the case of *Chicago, etc., R. Co.* v. *Glover* (1902), 159

Ind. 166, the Supreme Court held that the assignment of the wages of an employe of a corporation does not carry with it the right in the assignee to collect from the corporation the penalty and attorneys' fees provided for in §§7981, 7982 Burns 1908, Acts 1885, p. 36, §1, 2, which the assignor, had he sued upon the claim, would have been entitled to recover.

We think the principle upon which this case is decided does not harmonize with the decision in the case of *Midland R. Co.* v. *Wilcox, supra,* and that it is in harmony with the decided cases elsewhere upon the same subject.

This case is therefore transferred to the Supreme Court, with the recommendation that the case of *Midland R. Co.* v. *Wilcox* be overruled upon the point here considered.