## FLEMING ET AL. *v.* GREENER ET AL.

[No. 21,185.    Filed March 9, 1909.    Rehearing denied December
16, 1909.]

1. APPEAL.—*Assignments of Errors.—Joint.—Several.*—An objection that the assignments of errors are joint and not good as to all, and therefore not good as to any, is not well taken, where such assignments are both joint and several. p. 261.

2. CONSTITUTIONAL LAW.— *Statutes.— Title.— Mechanics' Liens.— "Laborers."*—The word "laborers," as used in the mechanics' lien acts (Acts 1899, p. 569, Acts 1889, p. 257, §§2, 3, 4, 6, Acts 1883, p. 140, §§4, 7-11, 13, 14, §§8295-8307 Burns 1908) does not include contractors, but includes only mechanics, laborers and materialmen, since the inclusion of contractors would render the act to that extent invalid as in violation of article 4, §19 of the Constitution, contractors not being within the scope of the title of such act. p. 264.

3. LIENS.— *Assignment.— Laborers.*— Under §§8305, 8306 Burns 1908, Acts 1889, p. 257, §6, Acts 1883, p. 140, §13, providing, among other things, for liens for laborers and materialmen, and for the method of securing same, the assignee of claims for labor, or material, has no right to file a notice for a lien either in his own favor as such assignee, or in the name of his assignor, no lien existing until a notice therefor is properly filed for record by such laborer, or materialman. *Midland R. Co.* v. *Wilcox,* 122 Ind. 84, overruled. pp. 265, 269.

4. PRINCIPAL AND SURETY.— *Railroad Construction Contracts.— Bonds.*—A surety who becomes responsible for the performance of his principal's contract for certain railroad construction, but who does not agree to pay for the labor or material, is not liable to laborers, or materialmen. p. 266.

5. TRIAL.—*Special Findings.—Evidentiary Facts.—Conclusions.*— Evidentiary facts and conclusions contained in a special finding must be disregarded. p. 267.

6. CONTRACTS.—*Assignment of, with Amount due Under.—Trusts.* —Where a contractor, with the consent of the owner, assigned his contract, together with any amounts due thereunder, to another, such latter person does not hold the amounts in trust for the former contractor, which were due to such former contractor when the assignment was made. p. 267.

7. TRIAL.—*Special Findings.—Conclusions of Law.—Outside of Issues.*—Special findings and conclusions of law which are outside of the issues, must be disregarded. p. 267.

8. APPEAL.—*New Trial.*—*When Ordered.*—The Supreme Court may order a new trial where justice demands it. p. 267.

9. RAILROADS.— *Liens.*— *Mechanics.*— *Laborers.*— *Personal Liability.*—Railroad companies are not personally liable, under §8305 Burns 1908, Acts 1889, p. 257, §6, to laborers, mechanics, or materialmen, a lien only being provided for. p. 268.

From Dubois Circuit Court; *E. A. Ely,* Judge.

Suit by Andrew J. Greener and others against Robert H. Fleming and others. From a decree for plaintiffs, defendants appeal. Transferred from Appellate Court under §1394 Burns 1908, subd. 1, Acts 1901, p. 565, §10 (See 41 Ind. App. 77). *Reversed.*

*Fields & Harmon, W. E. Cox, R. W. Armstrong, Herbert Jackson* and *Frank B. Shutts,* for appellants.

*Leo H. Fisher, A. L. Gray, William A. Ketcham, W. A. Traylor* and *Bomar Traylor,* for appellees.

MONKS, J.—This appeal is from decrees entered in favor of the appellees against appellants the Southern Railway Company, the Southern Railway Company of Indiana, and others, declaring and enforcing, among other relief, liens in favor of a subcontractor and in favor of the assignees of claims for labor, under what is known as the mechanics' lien law of this State.

Objection is made to the assignment of errors, on the ground "that it is joint and is not good as to all who join in it, and therefore is not good as to any of them."

1. The errors assigned, however, are joint as to all the appellants except Waidley, and several as to each of said appellants. It appears from the special findings that said appellants railway companies entered into a contract with appellant McDonald for the construction by him, on the line of their railroad, of a cement bridge and culvert, and that McDonald sublet a part of the work to appellant Waidley. There was no promise or agreement in the contract of McDonald with the railway companies to pay persons who performed labor or furnished material, but only

that the railroads, when the work was completed, should be free from all labor or other liens on account of said work. To secure the faithful performance of said contract by said McDonald, the National Surety Company of New York executed a bond to said railway companies. There was no provision in said bond to pay for material or labor, but only a general provision that said McDonald would comply with the covenants in his said agreement. At the same time said appellants McDonald, the Southern Contracting Company and Robert H. Fleming executed to said surety company a bond to indemnify and save it harmless against all losses, payments, and liabilities on account of its said bond to said railway companies.

After a part of said work had been performed by said McDonald under his contract and by said Waidley under his subcontract, said McDonald, by and with the consent of said railway companies and the parties to said surety and indemnifying bonds, assigned and transferred all of his rights and interests in and to the unfinished part of his said contract to his surety and coäppellant, the Southern Contracting Company, by a written contract, which provided, among other things, that said contracting company should be bound by, and carry out and complete the work under the contract of said McDonald, and should be paid any amount due for work done by said McDonald under said contract, but should not be bound or required to pay any of the liabilities of said McDonald, except to said railway companies, and to indemnify said companies and protect them from liabilities or liens on their property on account of the acts of said McDonald. Vouchers and checks for the sums due to said McDonald under his contract with said railway companies, one for $1,452.92 and one for $893.10, in all $2,346.02, were turned over and paid to said Southern Contracting Company by said railway companies. McDonald and Waidley each employed a large number of persons to perform work and labor in the construction of said bridge and cul-

vert, and purchased from various persons material to be used in said work. They issued to those to whom they respectively became indebted for such labor and material written evidences of such indebtedness, called time checks.

The holders of these checks, without having filed notice of an intention to hold a lien on said railroad for their claims as provided by the statute, for a valuable consideration assigned said time checks, by indorsement in writing, to appellees Greener Brothers, who afterwards, in their own name and in the names of their assignors, filed in the office of the recorder of the county wherein said work was done notice of their intention to hold a lien on said railroad for their labor claims, to which notice they also appended the names of their assignors, without authority to do so, except as such authority might be inferred from the assignment of the time checks.

Appellee McLaughlin "had three and sometimes four teams at work, and he employed men to drive them, he driving one himself. He paid his employes out of his own pocket, and his employes and teams performed work on said railroad under a contract with Waidley, the subcontractor, to the value of $255.20, for which he filed a notice of his intention to hold a lien upon said railway companies' railroad in said county," under the mechanics' lien law of this State.

The court below stated conclusions of law in favor of Greener Brothers, assignees of said time checks for labor and material issued by McDonald, and by McDonald and Waidley, against said McDonald and Waidley, said railway companies, and against the National Surety Company, the Southern Contracting Company, and Robert H. Fleming, appellants on said surety and indemnifying bonds, and rendered personal judgments against them, together with attorneys' fees, because the same were liens on the road of said railway companies under the law known as the mechanics' lien law of this State. Conclusions of law were stated in favor of said Greener Brothers against said South-

ern Contracting Company for the amount of $2,346.02 and in favor of Bretz, receiver of Waidley, for $1,452.92, being a part of said sum of $2,346.02 received by said contracting company from said railway companies due from them to said McDonald, with interest thereon. A conclusion of law was stated in favor of Bretz, receiver of Waidley, on his subcontract against said railway companies for the amount due thereon, with attorneys' fees, by virtue of what is known as the mechanics' lien law of this State. A conclusion of law was stated in favor of McLaughlin for the amount due him under his contract with said Waidley, together with interest and attorneys' fees against said railway companies, under the provisions of what is known as the mechanics' lien law of this State, and judgment was rendered against said railway companies therefor.

It was held by this court, in the case of *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. ——, that the term "laborers," as used in the title of the 2. mechanics' lien act of 1883 and its amendments (Acts 1899, p. 569, Acts 1889, p. 257, §§2, 3, 4, 6, Acts 1883, p. 140, §§4, 7-11, 13, 14, §§8295-8307 Burns 1908), "does not include or apply to the class of persons known as contractors, but must be construed as applying only to and including mechanics, laborers and materialmen; that to construe said sections so as to apply to contractors or to persons other than mechanics, laborers and materialmen would make the same to that extent in violation of article 4, §19, of the Constitution of this State, for the reason that mechanics, laborers and materialmen are the only persons within the scope of the title of the act." It is evident, therefore, that any provision in said act giving any one except "mechanics, laborers and materialmen" a lien is in violation of said article 4, §19, of the Constitution of this State, and therefore is void because not expressed in the title of the act. We therefore hold, upon the authority of *Indianapolis, etc., Traction Co.* v. *Bren-*

*nan, supra,* that the conclusion of law stated in favor of Bretz, receiver of Waidley, against said railway companies, and the conclusion of law in favor of McLaughlin against said railway companies are erroneous, because said Waidley the subcontractor and said McLaughlin (at least as to labor not performed by himself) are not mechanics, laborers or materialmen, and therefore are not entitled to the benefit of the act of 1883, *supra,* and the amendments thereof.

We shall next consider whether the assignment of said labor claims to Greener Brothers carried to the assignees the right to perfect the lien allowed by the provisions of §§8305, 8306 Burns 1908. In the case of *Jenckes* v. *Jenckes* (1896), 145 Ind. 624, this court, speaking of such claims, said on page 634: "Such claims may, of course, be assigned, but they carry no lien, unless a lien has first been perfected by the mechanic or materialman in whose favor the right to the lien primarily exists. The right to the lien is in the mechanic, laborer or materialman, and it is only such mechanic, laborer or materialman that may perfect the lien; and it is only after the lien has been perfected, as in the case of any other lien, that it may be assigned." It is clear that §8305, *supra,* giving a lien to persons that perform labor or furnish material in the construction of railroads, was intended for the sole benefit of the persons named therein that are embraced in the title of said act; that there is no lien for such labor or material until notice has been recorded in the proper office of the proper county as required in §8306, *supra* (*Green* v. *Green* [1861], 16 Ind. 253, 79 Am. Dec. 428; *Millikin* v. *Armstrong* [1861], 17 Ind. 456, 458; *Waldo* v. *Walters* [1861], 17 Ind. 534; *Sharp* v. *Clifford* [1873], 44 Ind. 346, 348) ; and that the assignment of such claims by the persons performing the labor or furnishing the material, that are entitled under the law to perfect the lien therefor, before such lien is perfected, carries with it no right to the assignee to have, perfect or enforce such

lien. This view harmonizes with the manifest purpose of the statute, and is sustained by the weight of the authorities. 20 Am. and Eng. Ency. Law (2d ed.), 471; 2 Jones, Liens (2d ed.), §§1493, 1494; Boisot, Mechanics' Liens, §10; Phillips, Mechanics' Liens (3d ed.), §54; *Mills* v. *La Verne Land Co.* (1893), 97 Cal. 254, 32 Pac. 169, 33 Am. St. 168; *McCrea* v. *Johnson* (1894), 104 Cal. 224, 37 Pac. 902; *Mason* v. *Germaine* (1870), 1 Mont. 263; *Dano* v. *M., etc., R. Co.* (1872), 27 Ark. 564; *Tewksbury* v. *Bronson* (1880), 48 Wis. 581, 4 N. W. 749; *Brown* v. *Smith* (1880), 55 Iowa 31, 7 N. W. 401; *Langan & Noble* v. *Sankey* (1880), 55 Iowa 52, 7 N. W. 393; *Merchant* v. *Ottumwa Water Power Co.* (1880), 54 Iowa 451, 6 N. W. 709; *Frailey* v. *Winchester, etc., R. Co.* (1895), 96 Ky. 570, 29 S. W. 446; *O'Connor* v. *Current River R. Co.* (1892), 111 Mo. 185, 20 S. W. 16; *Rollin* v. *Cross* (1871), 45 N. Y. 766; *Roberts* v. *Fowler* (1857), 4 Abb. Prac. 263; *Hooper* v. *Sells* (1877), 58 Ga. 127; *Goodman* v. *Pence* (1887), 21 Neb. 459, 32 N. W. 219; *Brown* v. *Harper* (1870), 4 Ore. 89; *Noll* v. *Kenneally* (1893), 37 Neb. 879, 883, 884, 56 N. W. 722; *Casey* v. *Ault* (1892), 4 Wash. 167, 29 Pac. 1048; *Fleming* v. *Greener* (1908), 41 Ind. App. 77. See, also, *Chicago, etc., R. Co.* v. *Glover* (1902), 159 Ind. 166, 168, 169. To the extent that the case of *Midland R. Co.* v. *Wilcox* (1890), 122 Ind. 84, is in conflict with this opinion it is overruled. It follows that the conclusions of law in favor of Greener Brothers against said railway companies as to said time checks for labor and material are erroneous.

The conclusions of law in favor of Greener Brothers against the National Surety Company, the Southern Contracting Company and Robert H. Fleming on said surety and indemnifying bonds are erroneous, for the reason that there is no agreement in said bonds or the contract secured thereby to pay mechanics, laborers or material men for labor done in constructing said bridge and culvert or for material furnished and used in the construc-

tion thereof. It is evident that neither said laborers and materialmen who assigned said time checks to Greener Brothers, nor said assignees thereof, the Greener Brothers, were entitled to the benefit of said contract, because not within the terms thereof. *Greenfield Lumber, etc., Co.* v. *Parker* (1902), 159 Ind. 571, 573, 574. It will be observed that the written contract of the Southern Contracting Company and the other parties thereto, concerning the assignment of the contract between McDonald and the railway companies to said contracting company, provided that all amounts due McDonald, under said contract so assigned, from said railway company should be paid to said contracting company.

Disregarding the evidentiary facts and the conclusions in the special findings, as we must (*Fisher* v. *Louisville, etc., R. Co.* [1897], 146 Ind. 558, 561), is is evident that said sums of $1,452.92 and $893.10 were paid to said contracting company by said railway companies under said written contract as a part of the consideration therefor. Therefore the conclusions of law that said contracting company holds the same in trust, or is liable to any of the appellees therefor, are erroneous.

Moreover the findings and the conclusions of law, as to said sums of money so received by said contracting company from said railway companies, are outside the issues of the case, and therefore nullities, and must be disregarded. *Citizens Nat. Bank* v. *Judy* (1896), 146 Ind. 322, 349; *Burton* v. *Morrow* (1893), 133 Ind. 221, 226.

By express provision of the statute, this court is authorized to order a new trial when the justice of the case requires it (§702 Burns 1908, §660 R. S. 1881), and this power has often been exercised. *McCoy* v. *Kokomo R., etc., Co.* (1902), 158 Ind. 662, and cases cited; *Donaldson* v. *State, ex rel.* (1906), 167 Ind. 553; *Farmers, etc., Ins. Assn.* v. *Stewart* (1906), 167 Ind. 544. We think such an order should be made in the case of Mc-

Laughlin v. Southern Railway Company and another, as to the judgment in favor of McLaughlin against the two railway companies.

All the judgments and decrees against the two railway companies, the National Surety Company, the Southern Construction Company and Robert H. Fleming, or any one of them or any two or more of them, are reversed, with instructions to restate the conclusions of law as to them in accordance with this opinion, that said Greener Brothers are not entitled to recover any judgment or foreclose any lien against them or against any one or more of them, and to render judgment thereon that said Greener Brothers take nothing by their said action against them and for costs in their favor against said Greener Brothers, and that Bretz, receiver, is not entitled to recover any judgment or foreclose any lien against them or against any one or more of them, and to render judgment on said conclusions of law that said Bretz, receiver, take nothing by his said action against them and for costs against said receiver, payable out of any money in his hands as such receiver; that the trial court grant a new trial in the case of McLaughlin v. Southern Railway Company and another (No. 3402 in the Dubois Circuit Court), and for further proceedings in said cause not inconsistent with this opinion.

## On Petition for Rehearing.

Monks, J.—Appellees have filed a petition for rehearing, in which they insist that, under §8305 Burns 1908, Acts 1889, p. 257, §6, the assignors of said labor claims were entitled to a lien against the two railway companies without giving any notice thereof to said companies, and that said lien passed to Greener Brothers, as the assignees thereof. Said section, however, does not provide for or create a personal liability against the owner of the property in favor of the person performing the work or furnishing the

material, but only gives a lien for the same "upon the right of way and franchises of such railroad corporation, * * * and upon all works and structures mentioned in this section, that may be upon the right of way and franchise of such railroad corporation within the limits of the county." Before any lien can be acquired under §8305, *supra*, it is required by §8306 Burns 1908, Acts 1883, p. 140, §13, that notice of intention to hold such lien shall be recorded in the recorder's office. There is nothing in §8305, *supra*, which dispenses with the notice required by §8306, *supra*. As the assignors of said labor claims gave no notice of their intention to hold a lien as required by §8306, *supra*, before they assigned the same to Greener Brothers, said claims were not a lien on said railroads, and no lien passed to said Greener Brothers by said assignments.

The other questions presented were fully considered and determined in the original opinion, and we see no reason to change the views there expressed, and the petition is therefore overruled.