127   379
s86NW  806
s131   633

## TOOMBS *v.* STOCKWELL.

CONTRACT OF SALE—CONSTRUCTION.

*The order in this suit was to be fully settled for within 10 days from date. *Held*, that this contract could not be changed by another contract of agency, made between the signer of the order and the party to whom the order is directed, giving 30 days in which to settle for goods ordered.

Error to Clinton; Davis, J., presiding.    Submitted June 6, 1901.    Decided July 2, 1901.

*Assumpsit* by Theodore Toombs against A. U. Stockwell upon a guaranty of payment for goods sold.    From a judgment for defendant on verdict directed by the court, plaintiff brings error.    Reversed.

Plaintiff brought suit upon the following paper:

"ST. JOHNS, July 11th, 1900.
"The IDEAL FLATIRON COMPANY.

"*Gentlemen:*    Please ship to my address one dozen Ideal flatirons, at $36 per dozen, as per agreement on back of this order; to be fully settled for within ten days from date.

"Town, St. Johns.                    County, Clinton.
"State, Michigan.              R. R. Station, D. & M.
"MRS. L. B. SERVIS, Canvasser."

On the back appeared the following guaranty:

---

*Head-note by GRANT, J.

"ST. JOHNS, July 11th, 1900.

"I hereby guarantee the payment of the amount set forth in the order herein mentioned. I also certify that I am worth property subject to levy and execution for double the amount set forth in said order. I make this statement for the purpose of securing the credit now obtained.

"Name: A. U. STOCKWELL."

Also the following appeared on the back:

"Received the within-mentioned goods in good order.
"MRS. L. B. SERVIS."

Defendant pleaded the general issue, with a notice of several special defenses, the only one of which material to notice is that, at the time of the execution and delivery of the above instrument, there was also executed, as a part and parcel of it, a certain other paper, which is set up in full in the notice, and known as "General Agent's Contract." There was no agreement on the back of this order except the agreement of guaranty signed by the defendant. At the same time that the instrument sued upon was executed, another agreement was executed between the Ideal Flatiron Company and Mrs. Servis, by which she agreed to be a canvasser for the goods specified in the agreement, and was allotted the exclusive use of a certain territory. This instrument contained the clause, "All goods must be settled for 30 days from date of invoice." The claim of defendant is that this contract of agency was the contract referred to as "agreement on back of this order," and that the contract of agency controlled the contract sued upon. The goods mentioned in the contract guaranteed by the defendant were delivered upon the execution of that contract. Plaintiff purchased this contract, and brought suit before the expiration of the 30 days. The court held that the "general agent's contract" controlled, that suit could not be maintained until after 30 days from date of the invoice, and that suit was prematurely brought.

*Lewis Severance*, for appellant.

*Edwin H. Lyon*, for appellee.

GRANT, J. (*after stating the facts*). We think the court was in error. The paper sued upon was a specific order for certain goods, specifically stated that they were to be settled for within 10 days from date, and its payment guaranteed by defendant. Even if the contract of agency had been attached to the paper, the terms of the guaranteed order must control as to the time. Inasmuch as this was the sole question upon which the case was decided, it is the only one which we need to determine. We may, however, with propriety refer to one other point raised by the defense, viz., that there is no averment in the declaration of the assignment of this order. The printed record does not set up the pleadings and proceedings in the justice's court. The original record shows the declaration, and it avers a due assignment of the order to the plaintiff.

The judgment must be reversed, and new trial ordered.

The other Justices concurred.