## TOOMBS *v.* STOCKWELL.

CONTRACTS—SALE—PAROL EVIDENCE—MEANING OF "SETTLEMENT."
 Parol evidence is admissible to show that the term "to be fully
 *settled* for within ten days," used in an order for goods, was
 understood to mean that the purchaser should pay for the
 goods resold, and account for those unsold.

Error to Clinton; Stone, J. Submitted October 16,
1902. (Docket No. 67.) Decided November 18, 1902.

*Assumpsit* by Theodore Toombs against A. U. Stock-
well upon a guaranty of payment for goods sold. From a
judgment for defendant, plaintiff brings error. Affirmed.

*Lewis Severance*, for appellant.

*Lyon & Moinet*, for appellee.

GRANT, J. A statement of the issue in this case will
be found in 127 Mich. 379 (86 N. W. 806). Upon the sec-
ond trial the defendant was permitted to show by parol
testimony that the parties did not understand the term,
"to be fully settled for within ten days," to mean pay-
ment, but that the agent of the Ideal Flatiron Company
informed Mrs. Servis and Mr. Stockwell that she would
pay the money out of what goods she sold, and account
for those unsold.

The term "settled," or "to be settled for," does not
necessarily mean payment. One lexicographer defines
"settle" to mean "to adjust differences, claims, or
accounts; come to an agreement." Cent. Dict. & Enc.
Another says: "Settle implies the mutual adjustment
of accounts, and an agreement upon the balance." And.
Law Dict. 944. The conversation, therefore, between
the parties was competent in order to explain what
was meant by the term. If the Ideal Flatiron Com-

pany desired payment within 10 days, and a guaranty thereof, it should have used language which meant that and nothing else.

We find no error, and the judgment is affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.