## HILL v. KERSTETTER ET AL.

[No. 6,345.  Filed January 12, 1909.  Rehearing denied March 18, 1909.]

1. PLEADING.—*Complaint.—Recovery of Bank Stock.*—A complaint alleging that plaintiff was the owner of certain shares of bank stock, that defendant wrongfully obtained possession thereof and procured the proper bank officers to reissue them in his name, and demanding same, together with the dividends collected thereon by defendant, states a cause of action.  p. 432.

2. PLEADING.—*Complaint.—Recovery of Bank Stock.—Description.*—A complaint alleging that plaintiff was the owner of ten shares of bank stock which defendant wrongfully procured and had same reissued to himself, and demanding such stock, is sufficiently definite.  p. 433.

3. PLEADING.—*Complaint.—Demand.*—A complaint which is sufficient for the recovery of certain bank stock, is not rendered bad for demanding certain dividends thereon, collected by defendant, where no demand therefor was alleged.  p. 433.

4. EVIDENCE.—*Sale of Bank Stock.—Declarations.—Acts.*—In an action to recover ten shares of bank stock from a block of 300 shares claimed by defendant under a contract of sale by the plaintiff, evidence of the declarations of plaintiff's agent to defendant regarding the sale of 290 shares, the written agreement by defendant with plaintiff's agent, and plaintiff's continued services as director in the bank, after such sale, there being ten remaining shares, the title to which was in dispute, is admissible.  p. 434.

5. EVIDENCE.—*Incompetent.—Harmless Error.*—In an action for the recovery of bank stock, evidence, by the husband, that plaintiff, his wife, had not disposed of such stock subsequently to an alleged sale, by which defendant claimed title, is erroneous, but does not constitute reversible error.  p. 435.

6. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence.  pp. 435, 436.

7. JUDGMENT.—*Failure to Move to Modify.—Complaint.—Demand.*—Where a complaint for the recovery of stock and the dividends paid thereon, failed to allege a demand for the dividends, a failure to move to modify the judgment which included such dividends, waives the question on appeal.  p. 435.

8. CORPORATIONS.—*Unauthorized Issue of Stock.—Rights of Holder.*—The holder of stock reissued without any authority from the owner thereof, obtains no title thereto.  p. 436.

9. PLEADING. — *Insufficient Allegations. — Judgment. — Appeal.*—Where a complaint for the recovery of stock and the dividends

paid thereon, fails to allege a demand, and no question thereon is made in the court below, it is too late, on appeal, to attack such judgment.   p. 437.

10.  PLEADING.— *Complaint.— Initial Attack on Appeal.*— A complaint attacked for the first time, on appeal, is sufficient, if it states facts sufficient to bar another action for the same cause. p. 437.

From Elkhart Circuit Court; *William J. Davis*, Special Judge.

Action by Alice M. Kerstetter against Warren G. Hill and others.   From a judgment for plaintiff, defendant Hill appeals.   *Affirmed.*

*Zook & Jay*, for appellant.
*Skinner & Wider*, for appellee Kerstetter.

RABB, J.—This case involves a controversy between the appellant and appellee Kerstetter over the ownership of ten shares of the capital stock of the Elkhart National Bank. The trial of the cause in the court below resulted in a finding that said appellee was the owner of the stock, and in a money judgment for $100 for dividends received by appellant thereon.

The errors assigned are that the complaint does not state facts sufficient to constitute a cause of action, and that the court erred in overruling appellant's motion for a new trial.

The complaint is not as clear in statement as might be made, but is not vulnerable to attack for the first time in this court.   It avers that the Elkhart National Bank 1. went into liquidation on September 1, 1899, and that at that time appellee Kerstetter was the owner of 300 shares of stock therein; that afterwards the appellant, Warren G. Hill, wrongfully obtained possession of the certificates of stock, and without said appellee's authority, knowledge or consent procured the bank to cancel said stock upon its books, and issue to him certificates for the same; that appellant had theretofore wrongfully received as dividends on ten shares of said stock the sum of $100, which it was

claimed rightfully belonged to said appellee. The complaint sets out a writing, the phraseology of which indicates it to be an *interpartes* contract, whereby one party designated as "I" sold and assigned to the appellant 290 shares of stock in the Elkhart National Bank, in consideration of which appellant agreed to do certain things. From other allegations in the complaint, notwithstanding its averments that appellee Kerstetter had never "sold, mortgaged, pledged or hypothecated said stock," it is plainly to be inferred that she did authorize the sale or pledge of 290 shares of the 300 shares of her stock, but no more.

The point is made that the stock mentioned in the complaint is not sufficiently identified as being any part of the 300 shares of stock held by appellant. There is nothing in this point. If the facts averred in the complaint are true, the appellant wrongfully procured ten shares of stock in the bank belonging to appellee Kerstetter to be transferred to him. It was not essential that said appellee describe in her complaint the particular certificate by which she claimed to hold such stock.

It is also contended that the complaint is bad because no demand for the $100 alleged to have been received by appellant as dividends on the stock in dispute was averred. If the complaint is good for any relief whatever, it is sufficient to withstand an attack for the first time in this court, and we think it clearly sufficient to entitle appellee Kerstetter to recover the stock. There is evidence that said appellee was the owner of 300 shares of stock in the bank, of which her husband, Edmund R. Kerstetter, was the cashier; that the certificates for this stock were indorsed in blank, and left by her in the care of her husband,. as her agent; that he applied to the appellant for a loan of $7,000, and proposed to turn over to him, as security, 290 shares of the aforesaid stock; that appellant agreed to furnish the money, and did so, and at the time the

money was turned over to appellee Kerstetter's husband, and, as a part of the transaction, the appellant signed and delivered to said appellee's husband the following writing:

"In consideration of the keeping and performing of the agreement herein made by Ovid C. Hill and Warren G. Hill, I hereby sell and assign to them 290 shares of the stock of the Elkhart National Bank of Elkhart, Indiana, for which they have [paid], or are to pay, me $7,000, and it is agreed and promised by them that when they have received or been paid back said amount of $7,000, with all interest and expenses paid by them in the matter, and $750 besides, they agree to surrender to Edmund R. Kerstetter said stock, or anything they or either of them may have obtained over and above the amount to pay them as stated above."

Appellee Kerstetter's husband testified that the certificates of stock were not at that time delivered to the Hills, and that they were never delivered to them by him, and he does not know how they acquired possession of them. This witness also testified that in the negotiations regarding the matter, he informed appellant, Hill, that his wife owned 300 shares of stock, but that it would be necessary that she retain ten shares in order to be a director in the bank, and that it was essential that she should be.

Appellant's motion for a new trial calls in question the admission in evidence of the conversations between appellee Kerstetter's husband and agent and appellant regarding the sale or pledge of the 290 shares of stock in the bank, the writing signed by the Hills, and evidence that after the transaction took place said appellee continued to be a director in the bank. We think no error intervened in the admission of this evidence. Appellee Kerstetter claims ten shares of stock appearing on the books of the bank in the name of appellant, and the important question in the case is whether the transaction between said appellee's husband and the appellant, by which the stock was sold or pledged to appellant, included 300 shares of the

stock or only 290 shares, and the circumstances under which appellant acquired the right to the stock were of course relevant and material. The conversation between the witness Edmund R. Kerstetter and the Hills and the writing signed by the Hills all related directly to that transaction, and while it was probably very slightly material, and would not be reversible error, in any event, the witness Kerstetter having told appellant that it was essential that his wife retain ten shares of the stock in order to enable her to retain her place on the board of directors, it was competent to admit evidence that she did so remain as a director after the transaction took place.

Edmund R. Kerstetter was permitted to testify that his wife had not, subsequently to September 5, 1899, transferred any of the stock. This was incompetent, but 5. it was so wholly immaterial that we are not able to see how it prejudiced appellant, and did not constitute reversible error.

We are asked to reverse the cause upon the evidence, on the ground that the overwhelming preponderance of it shows that the 300 shares of stock owned by appellee 6. Kerstetter were sold, and the certificates delivered to the Hills for a valuable consideration, and we are pointed to the gross improbability of the testimony of said appellee's witness. If we were sitting as a trial court we might well consider the appellant's argument upon this point; but we are not. There was evidence from which the court might conclude that there were but 290 shares of stock included in the transaction by which appellant acquired appellee Kerstetter's stock, and we cannot disturb the finding of the trial court on the evidence.

It is further contended that there was no allegation in the complaint and no proof upon the trial of a demand for the $100, and that therefore the judgment should be 7. reversed or modified. No objection was made in the court below to the finding of the court on this ac-

count, or to the form of the judgment rendered, and the question is therefore not presented by the record.

Judgment affirmed.


## ON PETITION FOR REHEARING.

RABB.—Appellant earnestly insists, on rehearing, that this court is in error in refusing to interfere with the finding of the court below as to the ownership of the bank-stock in controversy. He insists that the evidence shows affirmatively that the 300 shares of bank-stock were legally and properly transferred to him by the proper officers of the bank, upon the books of the bank, that there is no evidence that he wrongfully obtained the certificates for such stock originally issued to appellee Kerstetter, and that the court is in error in holding that no question is presented by the record in reference to the court's finding and judgment in favor of said appellee for $100. Appellant undertakes to make the point that as no demand for the $100 was alleged to have been made by appellee Kerstetter, upon appellant, before the suit was brought, therefore no cause of action was stated as to said claim, and the finding thereon was outside of the issues.

In reference to the first contention made, there was evidence in the record that certificates of stock for the 300 shares mentioned in the complaint were originally issued to appellee Kerstetter, and there is also evidence justifying the inference that she never at any time authorized the officers of the bank to cancel certificates for ten shares and issue others to the appellant, or any other person; and the unauthorized act of the officers of the bank in canceling the original certificates for said ten shares and reissuing others to appellant could confer no legal right upon him to such stock.

The complaint of appellee Kerstetter alleged her ownership of the stock in question; that she was rightfully en-

titled to all dividends thereon; that the appellant had wrongfully obtained possession of the stock and wrongfully received $100 dividends thereon; and among other relief, demanded judgment against him for this sum. The appellant in noway questioned the sufficiency of this complaint in the court below, either by demurrer, motion to separate causes of action, to paragraph the different causes of action stated in the complaint, or to strike out the allegations of the complaint regarding the $100; but filed an answer of general denial, and went to trial with the issues in this condition. The court had jurisdiction of the parties, and jurisdiction of the subject-matter, and after a trial upon the merits, in which appellant took his chance to win or lose, it is now too late for him to say that the questions determined by the court were not within the issues.

When the sufficiency of the cause of action is called in question for the first time after a finding or verdict, if the facts stated in the complaint are sufficient to bar another suit for the same cause of action, all other defects are cured by the verdict and finding. *Peters* v. *Banta* (1889), 120 Ind. 416; *Loeb* v. *Tinkler* (1890), 124 Ind. 331. Here the facts stated are amply sufficient to bar another action by appellee Kerstetter for the $100, and the finding of the court upon that question was within the issues as they were presented, even though the complaint might not have been sufficient to withstand a demurrer or a motion to strike out, because of failure to allege a demand before suit, a question we do not decide.

Petition for rehearing overruled.