## Cleveland, Cincinnati, Chicago and St. Louis Railway Company *v.* De Frees.

[No. 21,202. Filed March 10, 1909. Rehearing denied December 8, 1909.]

From Superior Court of Marion County (71,237); *John L. McMaster,* Judge.

Action by Morris M. De Frees against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company and others. From a judgment for plaintiff, defendant company appeals. *Reversed.*

*Frank L. Littleton* and *Taylor, Woods & Willson,* for appellant.
*Florea & Seidensticker,* for appellee.

Montgomery, J.—Appellee brought this action against appellant and others to foreclose a mechanic's lien for certain work done by him as subcontractor, upon appellant's roadbed and right of way. The court made a special finding of facts, upon which conclusions of law were stated, to the effect: (1) That appellee was entitled to a lien upon appellant's right of way for the sum of $4,666.27; (2)

that since the right of way upon which such lien rested was in use, and was necessary to the proper and successful operation of appellant's railway system and the conduct of its corporate business and could not be sold without interference with public rights and interests, appellee was entitled to recover a personal judgment against appellant for said sum, collectible without relief from valuation or appraisement laws. Judgment was rendered in accordance with the conclusions of law.

Appellant duly excepted to the first conclusion of law, and has assigned the same as error in this appeal.

In the case of *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. 1, this court held that the provisions of §8305 Burns 1908, Acts 1889, p. 257, §6, embraced only mechanics, laborers and materialmen, and did not include contractors, for the reason that contractors are not within the scope of the title to the act, which creates liens in favor of certain classes of persons. The reasoning which excludes contractors from the provisions of the act excludes subcontractors from its benefits, and upon the authority of that case our holding is, that the trial court erred in the first conclusion of law stated. *Fleming* v. *Greener* (1909), *ante*, 260.

The judgment is reversed, with directions to restate conclusions of law in favor of appellant, and to render judgment accordingly.