## CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* SHEA.

[No. 21,595.  Filed June 3, 1910.]

1. MECHANICS' LIENS.—*Railroads.*—*Repairs on Contractor's Locomotive Engine.*—One who furnished repairs and performed labor in repairing a railroad contractor's locomotive engine during the years 1905 and 1906, was not entitled to a mechanic's lien on the railroad company's property therefor. p. 306.

2. CONTRACTS.—*To Pay Debts of Third Persons.*—*Waiver of Liens.* —*Complaint.*—A complaint alleging that the plaintiff furnished labor and materials for the locomotive boilers belonging to a contractor who was constructing the defendant railroad company's tracks, that he was about to file a lien upon the property of the railroad company and to attach the contractor's property, that defendant company requested that no lien be filed, or judgment be taken, that it would pay the debt at a specified time, and that it afterward refused so to do, states a cause of action. p. 307.

3. CONTRACTS.— *Breach.*— *Waiver of Right to File Lien.*— *Railroads.*—*Contractor's Debts.*—*Evidence.*—In an action for breach of an alleged contract by a railroad company to pay a claim for labor and repairs to a locomotive engine belonging to a contractor who was constructing the company's track and which was executed to avoid the filing of a lien against the company and to prevent an action against the contractor, evidence of the claim against the contractor, and that the company's construction engineer asked the plaintiff the amount of the claim, a letter from plaintiff to the engineer stating that the draft on the contractor was dishonored, and asking if the company intended to pay the claim, and the engineer's letter stating that "this company expects to settle all bills of the [contractor], not later than Wednesday, February 21. We do not desire any judgments or liens upon the work," fails to sustain a judgment for the plaintiff. p. 308.

4. CONTRACTS.—*Uncommunicated Mental Conclusions.*—In order that the mental conclusions of a party to a contract shall become a part of the contract they must be communicated to the other party. p. 309.

5. CONTRACTS.—*Letters.*—*Threats of Collection of Debts.*—*Presumptions.*— *Railroads.*— Where a person had furnished labor and repairs to a railroad construction contractor for his locomotive engine, and after such person was called by the railroad construction engineer and asked the amount thereof, the claimant's letter to the construction engineer that his draft on the

contractor had been dishonored, and further stating: "After your telephone conversation yesterday in regard to the same, would like to know if your company is going to settle this account. If not, must proceed to collect the same," raises no presumption that a lien would be filed against the railroad company, and the engineer had a right to presume that the collection would be wholly from the contractor. p. 309.

6. CONTRACTS.—*"Expects to Settle All Bills."*—*Payment.*—A letter from the construction engineer of a railroad company to a claimant of the contractor constructing its track, that the railroad company "expects to settle all bills" of the contractor, does not import that the company expects to "pay" such bills. p. 309.

7. PRINCIPAL AND AGENT.—*Railroads.*—*Construction Engineer.*— *Authority.*—An "assistant engineer" of a railroad company who has "charge of the construction work which was being done on the contract of the company and had charge and authority to settle the accounts and all matters growing out of that contract," has no authority to agree to pay a person who furnished labor and repairs for the contractor's locomotive engine used in such construction. p. 310.

8. CONTRACTS.—*Consideration.*—*Payment of Debts of Third Persons.*—*Waiver of Right to Sue.*—A written promise of a railroad company to "settle all bills" of a contractor for the construction of its track, if no "judgments or liens upon the work" were taken is not supported by any consideration where the claimant waived his right to pursue the contractor, the result being a loss of the claim. p. 310.

From Superior Court of Marion County (71,254); *Vinson Carter*, Judge.

Action by Michael J. Shea against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. (Transferred from Appellate Court under §1399 Burns 1908, Acts 1901 p. 565, §15.) *Reversed.*

*Frank L. Littleton, John J. Kelly* and *Leonard J. Hackney,* for appellant.

*Henry Warrum,* for appellee.

MONKS, C. J.—Appellee brought this action on appellant's alleged written contract to pay an account held by appellee against a contracting company engaged in constructing a roadway and tracks for appellant.

A trial resulted in a finding, and, over a motion for a new trial, a judgment in favor of appellee.

Each paragraph of the complaint is challenged in this court for the first time on the ground that it does not state facts sufficient to constitute a cause of action. The overruling of appellant's motion for a new trial is also assigned as error.

It is alleged in the first paragraph of the complaint that appellee, at the special instance and request of the contracting company, "furnished certain material and rendered certain work in the repair of certain locomotive boilers used in constructing a new railway and line of railroad tracks for appellant in said county, a correct and detailed account of which is attached hereto as exhibit A; that on February 11, 1906, said contracting company having failed to pay said claim, plaintiff advised defendant company that he would file a lien upon said property and upon the right of way of defendant company, and take such other steps, by way of attachment of the property of said contracting company, as were necessary to secure and enforce his said claim, and employed counsel for such purpose; that defendant company being fully informed and advised of the aforesaid purpose of plaintiff, on February 17, 1906, in writing (a copy of which is made a part hereof as exhibit B), notified and agreed with plaintiff that defendant company would settle the bills and accounts of said contracting company, including plaintiff's said account, and requested of plaintiff that no lien or judgments be taken against said work; that plaintiff accepted said proposal, and at once advised defendant company thereof, relying upon defendant's promise, agreement and stipulation, aforesaid, and in consideration thereof plaintiff waived the filing of any notice of mechanic's lien to secure his said claim and the bringing of any action in attachment or otherwise for the enforcement thereof, and, in lieu of his said rights, accepted and relied on

the aforesaid promise and agreement of defendant company; that shortly thereafter the property of said contracting company, subject to lien, levy or attachment, was removed from said county and state, and the property and affairs of said company were taken charge of by a receiver in bankruptcy in the United States court for the northern district of Ohio; that thereafter, and after plaintiff could no longer secure a lien for his said labor and material, or levy upon or attach the property of said contracting company, and after the failure and insolvency of said company, as aforesaid, defendant company notified plaintiff that it declined and refused to pay said claim.''

The writing upon which this action is based, and which was made a part of each paragraph of the complaint, reads as follows:

''Big Four Route.

The Cleveland, Cincinnati, Chicago and St. Louis Railway Company.

Cincinnati, Ohio, February 17, 1906.

Gentlemen—Your letter February 14. This company expects to settle all bills of the Ohio Contracting Company, not later than Wednesday, February 21. We do not desire any judgments or liens upon the work.

Yours truly,

H. H. Knowlton, Asst. Engr.''

The second paragraph of the complaint is substantially the same as the first.

The facts stated in the complaint show that appellee performed work and labor and furnished material in repairing the boilers in certain locomotive engines belonging to a certain contractor who was constructing a new roadbed and tracks for appellant; that this was done at the request of said contractor, and that the debt thus contracted was the debt of said contractor and not the debt of appellant.

1. It is clear that appellee was not entitled to take or enforce any mechanic's lien on appellant's property for said

work and materials under any law of this State in force in 1905 and 1906, when said work was done and said materials furnished. *Potter Mfg. Co.* v. *A. B. Meyer & Co.* (1909), 171 Ind. 513, and cases cited; *Cincinnati, etc., Railroad* v. *Shera* (1905), 36 Ind. App. 315; *Mossburg* v. *United Oil, etc., Co.* (1909), 43 Ind. App. 465; *Ferguson* v. *Despo* (1894), 8 Ind. App. 523. See, also, *Fleming* v. *Greener* (1909), 173 Ind. 260; *Indianapolis, etc., Traction Co.* v. *Brennan, ante,* 1; *Cleveland, etc., R. Co.* v. *DeFrees* (1909), 173 Ind. 717.

Placing a liberal construction upon the complaint in question, it may be interpreted to mean that the letter of appellant, upon which the action is based, was written 2. with the full knowledge on the part of appellant that appellee was making a *bona fide* claim to a mechanic's lien upon its property for the payment of his claim, and intended to file notice of his intention to hold such lien, but that it had not been filed, and, in addition to what is contained in the letter, that appellant also requested appellee to file no lien and to take no judgment against the work, and that appellee, construing this request, in connection with the letter, into a promise on the part of appellant that if he would refrain from taking these steps appellant would pay the claim, he at once informed appellant that he would file no lien and take no judgment against the work. So interpreted, the pleading is sufficient to withstand an attack for the first time in this court. *Parker* v. *Dillingham* (1891), 129 Ind. 542; *Lowe* v. *Turpie* (1897), 147 Ind. 652, 683-685, 37 L. R. A. 233, and cases cited; *Thompson* v. *Nelson* (1867), 28 Ind. 431; *Sweitzer* v. *Heasley* (1895), 13 Ind. App. 567, and cases cited; *Colchen* v. *Ninde* (1889), 120 Ind. 88, and cases cited; *Peters* v. *Banta* (1888), 120 Ind. 416, and cases cited; *Loeb* v. *Tinker* (1890), 124 Ind. 331, and cases cited; *Brauns* v. *Glesige* (1892), 130 Ind. 167; *Vandalia Coal Co.* v. *Indianapolis, etc., R. Co.* (1907), 168

Ind. 144, and cases cited; *Hill* v. *Kerstetter* (1909), 43 Ind. App. 431, and cases cited.

A very different question is presented, however, on the evidence. The only evidence to support appellee's contention is proof of his claim against the contractor, and 3. that the claim is for repairs done on machinery used by the contractor in constructing a line of railroad for appellant, and that sometime prior to February 14, 1906, appellant's engineer, in charge of said work, called appellee over the telephone, and made inquiry regarding the amount of his claim against the contractor; that on the next day appellee wrote said engineer the following letter:

"Indianapolis, Indiana, February 14, 1906.
H. H. Knowlton,
    Eng. Maint. of Way C. C. C. & St. L.
Dear Sir:
    In regard to our bill against the Cleveland Cont. Co., I drew a draft on them, and it has been returned unpaid. After your telephone conversation yesterday in regard to the same, would like to know if your company is going to settle this account. If not, must proceed to collect the same."

In response to this, the engineer wrote the letter relied on by appellee as constituting appellant's promise, in writing, to pay the contractor's debt. This is all that took place out of which a contract between the parties could be found to exist. There is an entire absence of proof that appellee ever announced or advised appellant that he would file a claim on its property, or take any steps by attachment or otherwise, than as such announcement or advice could be inferred from the contents of his letter of February 14, 1906, to appellant's engineer, or that any communication ever took place between the parties in reference to the subject, except the two letters, or that appellant had from any other source any information whatever regarding an intention on appellee's part to file a lien on appellant's property for the claim sued on. On the contrary, the evidence shows clearly

that appellee had no lienable claim against appellant's property, and it does not show that he ever, in any manner, asserted to appellant a right to such lien. Appellee may have had it in mind to claim a lien upon the property; he may have had it in mind that appellant's letter to him of February 17 was an offer to pay his claim if he would not file a lien upon the work for such claim, and he may have had it in mind to accept said offer, but if so he announced none of these mental processes to appellant.

In order that the mental conclusion of one party to an alleged contract shall affect the other party, such conclusion must be communicated to the party who is to be affected by it; or if it be the mere acceptance of a distinct proposal, the acceptance must be put, by the party accepting, in a proper channel to be communicated to the party making the offer. *Mactier's Admrs.* v. *Frith* (1830), 6 Wend. (N. Y.) 103, 21 Am. Dec. 262; *New* v. *Germania Fire Ins. Co.* (1908), 171 Ind. 33.

Appellee insists that from the statement contained in his letter—that if the company was not going to pay his account against the contractor he must proceed to collect it —appellant's engineer was bound to presume and to know that what appellee meant was that he would collect his claim by filing a lien upon appellant's property. No such presumption would follow. Appellant had a right to presume that if appellee proceeded to collect his claim, he would proceed against those who owed it, and by such process as he lawfully might pursue, and not otherwise.

The words "expects to settle all bills," used in the letter of February 17, 1906, signed by "Knowlton, Asst. Engr.," do not necessarily mean payment. *Toombs* v. *Stockwell* (1902), 131 Mich. 633, 92 N. W. 288; *Baxter* v. *State* (1859), 9 Wis. *38, *44; *Parris* v. *Hightower* (1886), 76 Ga. 631, 634; *Bell* v. *Crawford* (1851), 8 Gratt. (Va.) 110, 123.

But it is not necessary to determine whether said letter contained a promise to pay said debt to appellee, for the reason that said Knowlton had no authority to bind appellant by contract to pay said construction company's debt to appellee. It was admitted at the trial that said "H. H. Knowlton," who signed the letter upon which this suit was brought, "was assistant engineer of defendant, the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, in February and March, 1906, and as such had charge of the construction work which was being done on the contract of the company, and had charge and authority to settle the accounts and all matters growing out of that contract."

The authority to settle all matters growing out of the contract of appellant with the contracting company did not authorize said Knowlton to create any new liability against appellant, nor to execute any written promises to pay the debt of another to appellee, but only to settle the debts, if any, of appellant under its contract with said construction company.

It follows that the evidence is not sufficient to establish either of the elements necessary to sustain appellee's complaint. It fails to show a promise of appellant to pay the claim of appellee against the construction company, or that there was any valuable consideration therefor between appellant and appellee if said promise was made.

Judgment reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.