## OVERHOLSER ET AL. v. CLIFTON ET AL.

[No. 6,938. Filed April 18, 1911.]

1. MECHANICS' LIENS.—*Contractors.—Subcontractors.*—Prior to 1909 (Acts 1909 p. 295), contractors and subcontractors had no right to a mechanic's lien for services performed or materials furnished. p. 460.

2. COURTS.—*Appellate.—Supreme Court Decisions.*—The decisions of the Supreme Court are binding upon the Appellate Court. p. 460.

3. APPEAL.—*Affirmance in Part.—Liens.*—Where a personal judgment is correct, but a decree of foreclosure of a lien was improper, the judgment may be affirmed and the decree of foreclosure reversed. p. 461.

From Howard Circuit Court; *L. J. Kirkpatrick,* Special Judge.

Suit by John Clifton and others against Daniel L. Overholser and others. From a judgment and decree for plaintiffs, defendants appeal. *Judgment affirmed. Decree reversed.*

*Blacklidge, Wolf & Barnes, George L. Swain* and *Myers & Yarlott,* for appellants.

*Lawrence & Rhodes,* for appellees.

FELT, J.—The complaint, the notice of mechanic's lien, and the finding of facts by the trial court show that appellees were subcontractors, and appellant Luther O. Miller the contractor, in the construction of the building upon which appellees were adjudged to have and hold a mechanic's lien. The court made and filed a special finding of facts and stated conclusions of law thereon in favor of appellees, for personal judgment against appellant Miller, and for judgment of foreclosure of the mechanic's lien against the property of all of the appellants. A separate motion for a new trial was filed by appellant Miller, and

also by the other appellants, as trustees of Broadway Methodist Episcopal Church of Logansport, Indiana, the owners of the property.

Appellant Miller has assigned as error each conclusion of law stated by the trial court and the overruling of his motion for a new trial. Joint errors are assigned by the trustees, and they have presented error of the court in overruling their demurrer to the complaint, error in the first conclusion of law and in overruling their motion for a new trial.

The evidence is not before us, and no question is presented by the briefs as to the correctness of the personal judgment against appellant Miller.

By recent decisions of the Supreme Court it has been held that the title of the act, under which our mechanics' lien laws were enacted, by virtue of which appellees

1. assert their lien, does not include or apply to the class of persons known as contractors or subcontractors. The reason assigned for these decisions is that the title of the act includes only mechanics, laborers and materialmen, and that the inclusion in the statute of contractors and subcontractors renders the act to that extent in violation of article 4, §19, of the Constitution of this State. *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. 1; *Cleveland, etc., R. Co.* v. *DeFrees* (1909), 173 Ind. 717; *Fleming* v. *Greener* (1909), 173 Ind. 260; *Korbly* v. *Loomis* (1909), 172 Ind. 352.

We are bound by these decisions, and they are decisive of the questions here presented relating to the lien. Under these decisions the complaint did not state a cause

2. of action against said trustees, and their demurrer to the complaint for want of facts should have been sustained.

The finding of facts warrants the conclusion of law that appellees were entitled to a personal judgment against appellant Miller, and as no other errors are presented in his

behalf the judgment must be affirmed as to the personal judgment against him; but the judgment for foreclosure of the lien was erroneous as to all the appellants.

Therefore, the personal judgment against appellant Miller is affirmed, and the decree foreclosing the mechanic's lien is reversed, with instructions to the lower court to sustain the demurrer of appellant trustees to the complaint.