## SHUTT ET AL. v. SMITH.

[No. 7,168.   Filed June 27, 1911.]

1. MECHANICS' LIENS.—*Contractors.—Subcontractors.*—Prior to the taking effect of the act of 1909 (Acts 1909 p. 295) a mechanic's lien could not be enforced on behalf of a contractor or subcontractor.   p. 161.

2. COURTS.—*Decisions.—Effect.*—The decisions of the Supreme Court are binding upon the Appellate Court.   p. 161.

3. NEW TRIAL.—*Excessive Recovery.*—Where the judgment rendered is too large, giving the plaintiff a larger amount than is warranted by the evidence, a motion for a new trial on that ground should be sustained.   p. 161.

From Huntington Circuit Court; *Samuel E. Cook*, Judge.

Suit by Edward Smith against Lewis A. Shutt and others. From a decree for plaintiff, defendants appeal. *Reversed.*

*C. W. Watkins*, for appellants.
*Bowers & Feightner*, for appellee.

FELT, P. J.—Appellee brought suit against appellants to foreclose a mechanic's lien on certain real estate, and for a personal judgment against appellant Shutt. The court rendered a personal judgment against appellant Shutt for $338.48, including $40 attorneys' fees, and gave judgment of foreclosure against all the appellants. From this judgment an appeal was taken, and the errors assigned are the overruling of the separate motion by appellant Shutt for a new trial, the overruling of the separate demurrer of appel-

lant Edward B. Ayres, trustee, and the overruling of the separate demurrer of appellant Shutt to the first paragraph of the complaint; also, that the complaint does not state facts sufficient to constitute a cause of action.

The motion for a new trial alleges that the decision of the court is not sustained by sufficient evidence and is contrary to law, and that the amount of recovery is too large.

Appellants have not complied with the rules of this court by setting out in their brief the substance of the complaint and the demurrer thereto; but enough appears to

1. show that appellee sued, as a subcontractor, to foreclose a mechanic's lien on certain real estate. Under the recent decisions of the Supreme and Appellate Courts, a subcontractor was not entitled to a mechanic's lien under the law in force at the time the lien in suit was filed. *Halstead* v. *Stahl* (1911), 47 Ind. App. 600; *Overholzer* v. *Clifton* (1911), 47 Ind. App. 459; *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. 1, 30 L. R. A. (N. S.) 85; *Cleveland, etc., R. Co.* v. *DeFrees* (1909), 173 Ind. 717; *Fleming* v. *Greener* (1909), 173 Ind. 260; *Korbly* v. *Loomis* (1909), 172 Ind. 352.

These decisions are binding upon this court, and, following them, we are compelled to hold that the com-

2. plaint did not state facts sufficient to constitute a cause of action to foreclose the mechanic's lien, and that the court erred in entering a decree of foreclosure.

The complaint is for the foreclosure of a lien upon a particular tract of real estate, and for personal judgment against appellant Shutt for work performed in con-

3. structing buildings thereon. The evidence before us shows that the amount due to appellee for the labor described in the complaint is less than the amount of the judgment. It also appears from the evidence that amounts claimed to be due to appellee from appellant Shutt, on other jobs of work, and for improvements on real estate

other than that described in the complaint, are included in the judgment. Appellee's own testimony shows that there was due to him, on the work described in his complaint, $347.40, and that he had received of this amount about $140, leaving a balance due of $207.40. After accounting for $40 attorneys' fees, there still appears an excess in the judgment of $91.08. The amount of recovery is too large, and the motion for a new trial should have been sustained.

The judgment is reversed, with instructions to the lower court to sustain the motion for a new trial, and to permit the parties to amend their pleadings, if they desire so to do, and for further proceedings in accordance with this opinion.