## R. Stuart Adam, Administrator, Appellee, v. Columbian National Life Insurance Company, Appellant.

### Gen. No. 19,981.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed February 4, 1915. Rehearing denied and additional opinion filed February 18, 1915.

### Statement of the Case.

Action by R. Stuart Adam, suing as the administrator of the estate of George J. Adam, deceased, against

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Columbian National Life Insurance Company, to recover on a life insurance policy for $5,000. From a judgment in favor of plaintiff for the full amount of the policy and interest, defendant appeals.

At the trial, plaintiff introduced in evidence the policy, receipts for all the annual premiums accruing during the lifetime of the deceased, proof of the death of the insured, the appointment of an administrator and the delivery of proofs of death to the insurance company. Defendants then offered to prove that the last annual premium, due on December 6, 1911, was never in fact paid; that instead of paying that premium the insured gave his promissory note for the amount thereof, due six months thereafter, and then extended two months further, which note contained a recital to the effect that it was given "with the full knowledge and intent," on the part of the insured, that if the note was not paid when due, "said policy shall become absolutely null and void, subject to the legal conditions contained therein relating to cash value, paid up and extended insurance," without further notice; and that said note was never paid. Defendant offered to prove further, by oral testimony, that at the time such note was given it was fully explained to the insured that a failure to pay the note at maturity "would absolutely void his policy." Plaintiff objected to all this offered evidence and the objections were sustained by the trial court, to which ruling exceptions were duly preserved. No other defense being made, the court thereupon instructed the jury to find a verdict for plaintiff for the full amount of the policy and interest.

Plaintiff offered in evidence five receipts. The first read as follows: *"Received the annual premium* due Dec. 6, '07, as per statement in the margin hereof, on policy No.," etc.; and in the margin was the following: "Premium for one year, $163.00." The next three were in the same form and each was marked with the

"date when *paid*." The fifth "receipt," the one in question, was entirely different from the others. While it was labeled a "premium receipt" across the margin, the words of such receipt were as follows: "The premium due as set forth below has been *settled* this day." Beneath this statement the policy number, the "due date" and the amount of the premium were given.

HOLT, CUTTING & SIDLEY, for appellant.

ALBERT L. HOPKINS, for appellee; WILLIAM BURRY, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 149*—*effect of recital of payment of first premium*. Insurance companies are concluded on ground of public policy by a recital in the policy to the effect that the first premium has been paid and will not be heard to assert to the contrary for the purpose of avoiding the contract of insurance, if the policy actually has been delivered.

2. INSURANCE, § 886*—*explanation of premium receipt by parol*. Where a contract of insurance is already in force and is a continuing contract requiring periodical payments to be made to keep it alive and prevent forfeiture, and a receipt is given merely for the purpose of acknowledging the payment of one of the subsequent premiums as required by the terms of the contract, no new contract is thereby created and there is, therefore, nothing in such case to prevent the application of the ordinary rule permitting receipts to be explained or contradicted by parol evidence, to show that a subsequent premium was not in fact paid.

3. WORDS AND PHRASES—*to "settle" not equivalent of to "pay."* The word "settle" has a double meaning and is used alike to denote an adjustment of a demand and a payment, since it does not necessarily convey the meaning of "payment."

4. INSURANCE, § 886*—*admissibility of parol evidence*. Where it appeared from plaintiff's evidence that while each of four receipts

acknowledged in terms that an annual premium of a certain sum had been "paid" to a life insurance company and the fifth merely stated that the premium due on a certain date had been "settled," and after this "receipt" had been offered in evidence plaintiff also introduced a copy of a letter written by plaintiff's attorney to the company stating that a note was in payment of the premium in question and authorizing the company to deduct the amount due on that note from the amount claimed to be due under the policy, *held*, from plaintiff's own evidence, that the last receipt was not given to evidence a cash payment, but was given in exchange for the note of the insured; and the execution of the receipt and of the note were parts of one and the same transaction, so that defendant was clearly entitled to introduce the note for the purpose of showing the whole transaction and to explain the sense in which the word "settle" was used in the last receipt, as bearing on the fact whether the last annual premium of a policy was paid, as a condition thereof, the question of the effect of such a condition not being presented for review.