Verne A. Wright, sole surviving Trustee under the last will of George L. Thatcher, Deceased, Appellant, v. Jasiburo M. Takito, Tatsuo G. Ogawa and Kishiro S. Kodama, copartners, trading as Takito, Ogawa & Company, Appellees.

### Gen. No. 23,285.

1. WORDS AND PHRASES—"*settle*" *defined*. The word "settle" has no fixed meaning in law.

2. LANDLORD AND TENANT, § 209*—*when repairs required to be made within certain time after adjustment of insurance loss.* Where a lease provided that in case the leased premises should be rendered untenantable by fire or other casualty, the lessor might, at his option, terminate the lease or repair the premises within 30 days after the insurance losses on the premises had been "settled," *held* that the lease should be construed most strongly against the lessor as to the meaning of the word "settled," and that it should be held to mean that repairs should have been completed within 30 days after the insurance losses were adjusted and not after payment of the adjustment.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed March 13, 1918.

BRADLEY, HARPER & EHEIM, for appellant; SAMUEL A. HARPER, of counsel.

FREDERICK A. BROWN, for appellees; CLAUDE O. NETHERTON and JESSE J. HERR, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the defendants to recover rent for 7 months at $275 per month, making a total of $1,925. The case was tried before the court upon a stipulation of facts. There was a finding and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Wright v. Takito et al., 210 Ill. App. 58.

judgment in favor of defendants, to reverse which plaintiff prosecutes this appeal.

The record discloses that plaintiff was the owner of certain premises in Chicago, which he rented to defendants for a period of 5 years, beginning May 1, 1911. The defendants occupied the premises and paid rent pursuant to the terms of the lease until the 4th day of February, 1913, on which date a fire occurred in the premises which rendered them temporarily untenantable. It is agreed that the only question before us for decision is the meaning of the following provision in the lease: "In case said premises shall be rendered untenantable by fire or other casualty, the lessor may, at his option, terminate this lease, or repair said premises within 30 days after the insurance losses on said premises have been settled, and failing so to do, or upon the destruction of said premises by fire, the term hereby created shall cease and determine." The stipulation of facts further shows that after the fire, negotiations were had between plaintiff and the insurance company with a view to adjusting the losses; that an agreement was reached on March 1, 1915, and afterwards on March 23rd and March 26, 1915, the losses were paid to plaintiff by the insurance company, and thereafter plaintiff set about making the repairs which were completed on April 10, 1915.

Plaintiff contends that under the terms of the lease above quoted he was authorized to make the necessary repairs within 30 days after the insurance losses were actually paid to him, and that as the losses were paid March 23rd and March 26, 1915, and the repairs completed April 10th following, they were made in apt time. On the other hand, the defendants contend that the true meaning of the provision quoted is that the repairs should be completed within 30 days after the amount of the losses had been agreed upon between plaintiff and the insurance company; that as this agreement was reached March 1, 1915, and the

repairs not completed until April 10th, which was more than 30 days, the term reserved by the lease terminated 30 days after the amount of the insurance to be paid was agreed upon, which was March 31st.

A great many authorities are cited defining the word "settled," some of which hold that the word "settle" or "settlement" is synonymous with "payment"; while others hold that the word means to adjust; to reach an agreement. We have examined all the authorities cited, and are clearly of the opinion that the word has no fixed meaning. Under these circumstances it must be construed most strongly against the plaintiff. In the case of *Schmohl v. Fiddick,* 34 Ill. App. 190, it is said (198). "It is a familiar canon of construction that all grants, contracts, deeds and *leases* of every description shall be most strongly construed against the grantor, and if there be any doubt or uncertainty as to the meaning of any such grant, deed or lease, it shall be construed most strongly in favor of the grantee. Or if the contract may be given two constructions, either of which is reasonable, the one most favorable to the grantee shall be adopted." If the plaintiff had intended that he should have 30 days in which to make the repairs from the time he collected his insurance money, he should have plainly said so in the lease. Under the rule of construction stated, as there is an ambiguity in the lease, it will be construed most strongly against the plaintiff. The repairs should therefore have been completed within 30 days after the insurance losses were adjusted. As this was not done, the lease by its terms terminated, and plaintiff cannot recover.

The judgment of the Circuit Court of Cook county is affirmed.

*Affirmed.*