# CHARLESTON.

J. C. MICHAEL v. M. E. DONOHOE *et al.*

Submitted March 16, 1920.   Decided March 23, 1920.

1. PLEADING—*Defense that Suit is Premature May be Made by Plea in Abatement.*

    The defense that a suit upon a promissory note is prematurely brought, for the reason that a condition, upon the performance of which the right to sue depends, has not been performed, may be made by a plea in abatement, even though advantage might be taken thereof in other ways. (p. 37.)

2. SAME—*Opposite Party Held Not Entitled to Oyer of Decrees in Same Court Referred to in a Plea in Abatement.*

    Where a plea in abatement refers to certain decrees entered in a cause in the same court in which the suit is pending, and alleges that certain facts will appear therefrom, the opposite party is not entitled to have oyer of such decrees, upon demurring to such plea, for the purpose of showing that they do not support the allegations of fact contained in the plea. (p. 37.)

3.   WORDS AND PHRASES—"*Settlement.*"

The term "settlement" may be used in the sense of payment, or it may be used in the sense of adjustment or ascertainment of a balance between contending parties, depending upon the circumstances under which, and the connection in which, use of the term is made.   (p. 38).

4.   PARTNERSHIP—*Note Payable When Partnership Business Has Been Settled is Matured by Decree Ascertaining Amount.*

Where one partner sells his interest in a stock of merchandise to another and takes the note of such other for the amount agreed upon as the value of such interest, but stipulates in such note that the same shall not be payable until the partnership business has been settled, either amicably or by a decree of court, such condition has been met when suit has been brought for the purpose of settling such partnership affairs, and a decree entered therein ascertaining that one party is indebted to the other upon such settlement, and the amount thereof.   (p. 38.)

Error to Circuit Court, Randolph County.

Action by J. C. Michael against M. E. Donohoe and others. From a judgment abating the action, plaintiff brings error.

*Reversed, finding for plaintiff on plea in abatement and cause remanded.*

*W. B. & E. L. Maxwell,* for plaintiff in error.
*A. M. Cunningham,* for defendants in error.

RITZ, JUDGE:

On the 1st of September, 1913, the defendant M. E. Donohoe, who was at that time M. E. Durkin, and one Jessie E. Michael, the assignor of the plaintiff, were partners in business.   On that day the defendant Mrs. Durkin, now Mrs. Donohoe, bought the interest of Mrs. Michael in the stock of goods, and executed to her in payment therefor the note sued on in this case, which is in the words and figures following:

"$772.50.                                                Sept. 1 1913.

When the partnership heretofore existing between Mrs. M. E. Durkin and Mrs. Jesse E. Michael, under the firm name and style of M. E. Durkin & Co., has been settled, that is all partnership business has been settled whether amicably or by the decree of court, then on demand, We promise to pay to Mrs.

*Jesse E. Michael* the sum of Seven Hundred and Seventy Two 50-100 Dollars, with interest from this date.

This note is given for one-half of the stock of merchandise belonging to said firm in acceptance of a written proposition made this day by said Mrs. Michael, and to the payment of this note we bind ourselves jointly and severally.

M. E. Durkin.
M. C. King."

It will be observed that this transaction disposed of the stock of merchandise, Mrs. Durkin acquiring the interest of Mrs. Michael therein. The parties did not settle their partnership affairs amicably, but shortly after the transaction above referred to Mrs. Michael instituted a suit in the circuit court of Barbour county for the purpose of having settlement thereof. This cause was referred to a commissioner and accounts taken. A number of exceptions were made to his report which were disposed of by the court, and a decree thereupon entered determining that Mrs. Durkin had withdrawn from the partnership $754.25 more than had been withdrawn by Mrs. Michael, and decreed in favor of Mrs. Michael against Mrs. Durkin for one-half thereof, $377.12. All of the record of the chancery proceeding is not in this case, but presumably all of the debts of the concern were taken care of before this decree was entered. It appears further that there were some unpaid accounts due the firm, amounting in the aggregate to something over $400.00, some of which it was hoped might be collected, and with a view of collecting them Mrs. Durkin was appointed a special receiver for the purpose on the motion of Mrs. Michael. She has collected some small amounts of these accounts from time to time, and has made reports of these collections. After the entry of the decree ascertaining the indebtedness of Mrs. Donohoe to Mrs. Michael, the plaintiff, assignee of Mrs. Michael, brought this action at law upon the note above set out, alleging in his declaration that the partnership affairs had been settled, and that the note was therefore due and remained unpaid. The defendants filed their plea in abatement at rules upon the ground that the suit was prematurely brought. In this plea the note was set out *in haec verba,* and it was alleged that the partnership affairs of the parties had not been settled in accordance with the

stipulations contained in the note, and that the plaintiff was not entitled to maintain a suit thereon until such settlement had been had, wherefore the plaintiff's suit should be abated, and in this plea reference was made to the decrees entered in the chancery cause by their date, and the style of the cause, as supporting the allegations of fact contained in the plea. The plaintiff demurred to this plea in abatement, at the same time craving oyer of the decrees referred to in the plea, the dmurrer being based upon two grounds: First, that the matter set up in the plea is not proper matter of abatement; and Second, that even though it is, a reading of the decrees shows that the partnership affairs in fact had been settled, and contradicts the allegations of the plea in that regard. This demurrer was by the court overruled and trial had upon the plea. Upon this trial the decrees entered in the chancery cause were introduced in evidence, but not all of the record, and the facts appearing are as above delineated. Upon this showing the circuit court found that the plea in abatement was sustained and entered judgment abating the plaintiff's suit, to review which judgment this writ of error is prosecuted.

The first proposition relied upon by the plaintiff is that the court erred in overruling his demurrer to the plea in abatement. He contends, first, that the matters set up in said plea are not proper matters of abatement; and second, that even though they are proper matters of abatement, the facts alleged are not sufficient to produce that result. Authorities are cited by the plaintiff to the effect that where a note provides that its payment is conditioned upon the performance of some stipulation therein contained, advantage can be taken of the failure to perform this stipulation or condition under the plea of *nil debet,* or by demurrer if it appears from the declaration that it has not been performed. But does this mean that it is not proper matter of abatement. It may be that a defendant has a number of matters of defense, all of which are provable under the general issue of *nil debet,* including the matter of premature institution of the suit. May he not limit the inquiry to the one matter which would abate the suit, without going to the merits, rather than go to a trial upon the plea of *nil debet* and present all the matters of defense, and at the end have the court hold that the

86 W. Va.

action must abate because prematurely brought, making the labor and time spent in presenting the other matters of defense entirely futile. It seems to be that a plea in abatement is a proper method of raising the question that a suit has been prematurely brought. It does not go to the merits of the case, but simply denies the plaintiff's right to recover in that particular suit because the time has not yet arrived when such a suit might be maintained. This is the doctrine laid down in 1 Chitty on Pleading, 454. We therefore think the demurrer was properly overruled upon this ground.

Should the demurrer have been sustained upon the ground that the decrees relied on in the plea show a settlement of the partnership affairs? As before stated, this plea does not set out these decrees in it, but it says that by these decrees it will appear that the partnership matters have not been settled, and the plaintiff attempted to get these decrees in the record by craving oyer of them in his demurrer. Was he entitled to have oyer of these decrees upon the demurrer to the plea in abatement, and for the purposes thereof? In 1 Chitty on Pleading, 431, it is said that where a party makes profert of any deed, probate, letters of administration, or other instrument under seal, the other party may have oyer thereof, but where the matter referred to in the declaration or plea is simply a record or some instrument not under seal, the opposing party has no right to have oyer thereof in order that a demurrer or objection to the plea may thus be supported. The proper method of getting these decrees into the record would be to put them in as evidence upon an issue joined on the plea, as was subsequently done. There was no error, therefore, in overruling the demurrer upon this ground.

The only remaining question is whether or not the record shows that the partnership affairs were settled within the meaning of this expression used in the note. The evident purpose of putting this condition or stipulation in the note was to protect the makers thereof in case it should turn out that the plaintiff's assignor should be largely indebted to the defendant, Mrs. Donohoe, on a settlement of the partnership. In other words, they agreed on what the stock of goods was worth, and Mrs. Donohoe gave Mrs. Michael a note for this amount, but Mrs.

Michael agreed not to collect this note until it was determined whether, upon a settlement of their partnership affairs, she owed Mrs. Donohoe, or Mrs. Donohoe owed her, and in case it was found that she was indebted to Mrs. Donohoe upon such settlement, then the note would be abated to the extent of such indebtedness. The words "settle" and "settlement" mean different things in different connections. Sometimes we use the word "settle" to mean to adjust or determine the status of affairs between parties. At other times it is used in the sense of to pay or satisfy. 7 Words & Phrases, 6446; 4 Words & Phrases (2 Series) 549. In this case it is quite clear that the term was used to mean to adjust, to determine the status of the affairs between the parties. But it is said that this has not entirely been done, inasmuch as there are still some accounts of the partnership uncollected and outstanding. This is quite true, but does this alter the situation The interest of each of the parties in the partnership assets has been fixed and determined. In the accounts each of the parties is entitled to have one-half of the amount collected, and Mrs. Michael is entitled to recover from Mrs. Donohoe $377.12 because of monies withdrawn by Mrs. Donohoe in excess of that withdrawn by Mrs. Michael. There is nothing left for the court to do except in the way of administration. No question of law or fact is left open for determination. The matters in controversy between the parties are fully settled within the meaning of this expression in the note. *Abe Block & Co.* v. *Largent,* (Tex.) 135 S. W. 1078; *Toombs* v. *Stockwell,* 131 Mich. 633; *Fort* v. *Gooding,* 9 Barb. 371-377; *Jackson* v. *Ely,* 57 Ohio State, 450; *Phipps* v. *Willis,* 53 Ore. 190, 18 Am. & Eng. Anno. Cases, 119; *Baxter* v. *State,* 9 Wis. 38; *Beall* v. *Water Co.,* 185 Fed. 179.

Our conclusion is therefore that the circuit court erred in its finding for the defendants on the plea in abatement, and in its judgment that the plaintiff's suit be abated. We therefore reverse that judgment, find for the plaintiff upon the matters set up in the plea in abatement, and render judgment here accordingly, and remand the cause to be tried in the circuit court upon the plea of *nil debet* there filed.

*Reversed, finding for plaintiff on plea in abatement, and remanded.*