John C. Krasa and Anna Krasa, Appellees, v. George M. Elworth, Appellant.

### Gen. No. 27,311.

LANDLORD AND TENANT—*construction of provision for notice of "intention" to vacate or renew.* The giving of notice by a lessee to the lessor, more than sixty days before the expiration of his lease, that he intends to renew for a term of one year does not *ipso facto* operate as a renewal under a clause in the lease providing that the lessee will give the lessor written notice sixty days before expiration of the lease of his "intention to vacate said premises or renew this lease, and a failure of said lessee to give such notice, shall operate as a renewal of the tenancy for the further period of one year, at the option of lessor"; and where the lessor has served notice prior to the giving of notice by the tenant, that the lease would terminate at the end of the term specified in the lease, the tenancy is thereby ended at the expiration of the period.

O'CONNOR, J., dissenting.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JOHN A. SWANSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed. Opinion filed January 10, 1923.

FREDERICK MAYER, for appellant; JACOB BERG, of counsel.

FRANK C. WILKINSON, for appellees.

MR. JUSTICE TAYLOR delivered the opinion of the court.

The trial judge, in a suit of forcible detainer, in the municipal court, having entered judgment finding the defendant, Elworth, guilty of withholding from the plaintiff's possession an apartment on the second floor of a building known as 5311 Washington boulevard, Chicago, an appeal was taken by the defendant to this court.

On March 4, 1919, Adams and Anderson, as lessors, leased in writing the premises in question for a term beginning on May 1, 1919, and ending on April 30, 1921, to the defendant Elworth. The 15th clause of that lease is in the following words:

"15th. That said lessee will give lessor written notice, sixty days prior to the expiration of this lease, or any extension thereof, of his intention to vacate said premises or renew this lease, and a failure of said lessee to give such notice, shall operate as a renewal of the tenancy for the further period of one year, at the option of lessor."

Some time afterwards Adams and Anderson, the original lessors, assigned their interest in the lease to the plaintiffs, Krasa and Krasa.

On February 1, 1921, the Krasas gave the defendant written notice that the lease would terminate on April 30, 1921, and requesting and directing him to give up

possession on the latter date. That notice contained the following: ''This notice is given you in pursuance of a provision for a sixty-day notice in said lease contained and shall not operate as a waiver by lessor of any other provisions therein contained.''

On February 14, 1921, the lessee, Elworth, notified the plaintiffs, lessors, in writing, that he had elected, pursuant to the 15th clause of the lease, to renew the lease for a term of one year and that he would remain in possession during the extended term, May 1, 1921, to April 30, 1922, at the rental of $56 per month.

The sole controversy between the parties is concerning the meaning of clause 15. The plaintiffs, being assignees of the lessor, claim that the word ''intention'' as used in the 15th clause was for the benefit of the lessor, that it does not mean that if the lessee gives notice within the sixty days, his lease thereby becomes *ipso facto* extended. On the other hand it is claimed, on behalf of the lessee, the defendant, that, although the lessor, on February 1, 1921, notified the lessee that his lease would terminate on April 30, 1921, that, as he, the lessee, on February 14, 1921, notified the lessor that he had ''elected to renew said lease for a term of one year,'' pursuant to clause 15, the lease was, thereby, without any act on the part of the lessor, renewed.

If there is doubt about the meaning of a word or words in a lease which purports to grant a right, they are to be construed most strongly against the lessor. *Wright v. Takito,* 210 Ill. App. 58; *Schmohl v. Fiddick,* 34 Ill. App. 190. We do not think, however, that, in view of the context, there is any reasonable doubt about the meaning of the word ''intention'' as it is used. The words of clause 15 provide for several situations. If the lessee fails to give notice within the prescribed time, the lessor has the right, if he desires to claim it, of holding the lessee for another year; and if the lessee gives notice, within the prescribed time that it is the ''intention'' to renew, then the lessor

may accede and renew the lease, or, by giving notice, terminate the lease. It is as though clause 15 read that the lessee will give notice of his intention to vacate said premises or of his *desire* to renew.

Obviously, by clause 15, the lessor did not agree that the mere expression of intention on the part of the lessee would, without any act or sanction on the part of the lessor, constitute a renewal. It was a reasonable provision, put there in order that the lessor might in apt time know the desire of his lessee in regard to the future. If the lessee notified the lessor within the sixty days that he did not intend to renew, then the lessor would have a reasonable time within which to re-rent, if he so desired. If the lessee gave the lessor no notice before the sixty days, then the lessor could choose whether he would hold the lessee for another year or not, that is, it was "at the option of the lessor."

As the lessor did notify the lessee in apt time, on February 1, 1921, that his lease would end on April 30, 1921, that was definitive, and terminated the lessee's tenancy on that date.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

THOMSON, P. J., concurs.

MR. JUSTICE O'CONNOR dissenting: In the trial court and in this court both parties agree that the determination of this case depends upon paragraph 15 of the lease. The lease having been prepared by the landlord, it is an elementary rule of law that in case of any ambiguity it is to be construed most strongly against the landlord and in favor of the tenant. The landlord, prior to the beginning of the suit, construed paragraph 15 to mean that he was required to give the tenant sixty days' notice prior to April 30, 1921, to terminate the lease, and he accordingly gave the tenant such notice on February 1, 1921. This notice ex-

pressly states that it "is given you in pursuance of a provision for a sixty-day notice in said lease contained." The trial judge on the hearing construed this paragraph as requiring the landlord to give the tenant sixty days' notice.

I think there is nothing in paragraph 15 that requires the giving of any such notice. The only notice required to be given by that paragraph is a notice by the tenant to the landlord. It provides "that said lessee will give lessor written notice, sixty days prior to the expiration of this lease, or any extension thereof, of his intention to vacate said premises or renew this lease, and a failure of said lessee to give such notice, shall operate as a renewal of the tenancy for the further period of one year, at the option of the lessor." In accordance with this provision the tenant gave such notice to the landlord on February 14, 1921, more than sixty days before April 30, 1921, and by the giving of this notice, in my opinion, the tenant was entitled to a renewal of the lease for another year.

In the brief filed on behalf of the landlord the argument seems to be that the controlling question is the meaning of the word "intention" in the paragraph quoted and counsel says: "The notice to be given is not of the exercise *of an option,* but one of the lessee's '*intention*' to vacate or renew." Let us consider the provision in the lease. It provides that the lessee sixty days prior to the expiration of the lease will give the lessor notice of his intention to vacate the premises or renew the lease. Suppose the tenant gave the sixty days' notice of his intention to vacate the premises. It is obvious that he might do so without the consent of the landlord, although the provision does not so state in terms. By the same reasoning the tenant may give the sixty days' notice of his intention to renew and be entitled to a renewal of the lease for another year without the landlord's consent. If the intention of the tenant to vacate is binding, his inten-

tion to renew is equally binding. Paragraph 15 then provides that in case the tenant fails to give either one of the two notices—to vacate or renew sixty days prior to the expiration of the lease—then the landlord at his option may hold the tenant for another year or may terminate the tenancy.

Paragraph 15 was prepared by the landlord and it is admittedly crooked. On the trial of the case when the question was being considered by the trial judge, speaking of this paragraph, he said: "This particular lease was drafted in order to catch the tenant." Counsel for landlord: "The joke is on the tenant to find that clause." The court: "It was drafted as a trap. I agree with you on that proposition." There being no contention that paragraph 15 was intended to be fair to both parties, but on the contrary it being expressly conceded that it was drafted by the landlord, the predecessor of plaintiffs to trap the tenant, the landlord ought not be permitted to recover in this case unless this result is clearly required by the terms of the lease. In my opinion, such is not the effect of the provision in question. Since the lease requires the tenant to give notice of his intention to vacate or renew, and since it must be conceded that if he had given notice of his intention to vacate he might do so contrary to the wishes of the landlord, he ought also under the wording of the provision be permitted to have an extension of his lease for another year, where he had given notice of his intention to renew.