[S. F. No. 11644. In Bank.—October 27, 1927.]

ABRAHAM SETZER, Respondent, v. GEORGE GORDON MOORE, Appellant.

[1] CONTRACTS—SETTLEMENT OF LITIGATION—INTENT OF PARTIES—EX-TRINSIC EVIDENCE.—The term "settled," when used with relation to pending litigation, has not acquired such a well-defined meaning as would enable the courts to interpret the intent of parties in making use of said term in connection with the ending of litigation without the aid of extrinsic evidence, and this being so, the courts must have recourse to the context of the agreement between the parties in which said term is employed, to the cir-

cumstances under which the agreement was made, including the state and various phases of the litigation to which the agreement relates, and to the conferences and correspondence between the parties pending the negotiation of the agreement wherein said term is employed.

[2] Id.—Attorney's Fees—Time of Payment.—Where a written agreement between an attorney and his client provided for the payment to the former of a certain sum "upon the date of commencement" of a certain action, "or upon the date said action is settled," the attorney is entitled to recover such compensation upon the voluntary dismissal of the action referred to by the contract, although the dismissal is made without prejudice to the right to bring another action, it appearing from the record that such action was largely incidental to other litigation in another state between the parties which had been or was about to be adjusted at the time of the dismissal; and it does not lie in the mouth of the client to say that he did not receive a consideration therefor.

---

(1) 6 C. J., p. 738, n. 76.    (2) 4 C. J., p. 883, n. 33.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. V. Keesling, C. A. S. Frost and Ross & Ross for Appellant.

Sullivan & Sullivan and Theo. J. Roche and Leo J. Rabinowitz for Respondent.

RICHARDS, J.—This appeal is from a judgment rendered and entered by the superior court in and for the county of San Mateo in favor of the plaintiff as the assignee of Archibald M. Johnson and against the defendant, for the sum of $4,911.79 principal, $220.71 interest, and $41.10 costs. The action for the recovery of said sum was founded upon a contract in writing between the defendant and plaintiff's assignor, dated July 6, 1923, which had for its purpose, as expressed by its terms, that of definitely settling the compensation to which said Archibald M. Johnson was entitled to receive for professional services which had been rendered and were to be rendered in the matter of certain litigation which had theretofore been commenced and was

then pending in the courts of California, wherein said Archibald M. Johnson was to act thereafter as one of the attorneys of record for the defendant, George Gordon Moore. The relation of attorney and client between said parties which had preceded and led up to the making of said contract may be briefly stated as follows: On May 4, 1922, an action was instituted in the superior court of the state of California, in and for the city and county of San Francisco, wherein Equitable Trust Company of New York, a corporation, was plaintiff and George Gordon Moore was defendant, which had for its purpose the recovery on the part of the plaintiff of the sum of $9,819.41, with interest and costs, alleged to be due to it from Moore. In said action an attachment had been issued and levied upon the property of the defendant, situate in the county of San Mateo. On May 12, 1922, another action was instituted in said superior court wherein Investment Registry of America, a corporation, was plaintiff and said Moore was defendant, which action had for its purpose the recovery of a judgment against the defendant for the sum of $49,600, with interest and costs. Upon the institution of these two actions the defendant therein, who was then in New York, acting through his duly authorized attorney at law and in fact, also residing in said city, entered into negotiations for the employment of Archibald M. Johnson and R. P. Henshall, who were duly licensed attorneys in the state of California, with a view to having them represent said Moore in each of said actions above referred to, and also on his behalf to commence and prosecute an action against the Equitable Trust Company of New York and certain other defendants to recover damages alleged to have been sustained by said Moore by reason of the alleged false and malicious issuance and levy of the attachment which had been issued in the first above-named action. The result of these negotiations was the making of an agreement in writing for the employment of said California attorneys for the purposes of the foregoing litigation, by the terms of which it was agreed that said Moore was to pay said attorneys a retainer of $10,000 for the handling of the foregoing cases, and was to further compensate them for their services therein by the payment of the reasonable value of their services thereafter to be performed. Upon the execution of this agreement

Messrs. Johnson and Henshall proceeded to render such legal services as were necessary to adequately conserve and protect the interests of their client, in the course of which they instituted on his behalf an action for damages against the Equitable Trust Company of New York, above referred to. After the litigation in these several matters had progressed for some time Mr. Johnson apparently concluded that the nature, importance, and extent of his legal services during that period were such as to entitle him to a further payment on account of his fee, and accordingly entered into a correspondence between himself and his client, Moore, and the latter's eastern attorney, which ran through several months of both correspondence and conferences, and which finally terminated on July 6, 1923, in the making of the supplemental contract which came to form the basis of this action. By the terms of said contract the said George Gordon Moore "has agreed to pay and the said Archibald M. Johnson has agreed to accept the sum of $10,000, payable at the times and in the manner following:

"1. Five thousand dollars ($5,000) payable on the execution of this agreement. . . .

"2. Five thousand dollars ($5,000) payable upon the date of commencement of the trial of said action of George Gordon Moore *vs.* Equitable Trust Company et al., hereinabove referred to, or upon the date said action is settled."

The first installment of $5,000 due under the foregoing agreement was paid by Moore and said litigation proceeded in its various phases until June 4, 1924, when said action of *Moore* v. *Equitable Trust Company et al.* was dismissed by virtue of a stipulation entered into between the several parties to said action and also between their counsel, which stipulation read as follows: "It is hereby stipulated that the above entitled action may be dismissed without prejudice to the rights of the plaintiff herein to commence another action if he so desires." It may be well at this point to state that the litigation which has hereinbefore been referred to as being instituted and conducted in the state of California was complicated with other litigation between the parties thereto which was at the same time pending in the courts of New York, and wherein George Gordon Moore was seeking to recover certain large sums of money from the said Investment Registry of America, and which eastern

litigation had resulted in a judgment or judgments in favor of said Moore prior to the time of the dismissal of the action of *Moore* v. *Equitable Trust Company et al.* on June 4, 1924, in the California court. Upon the dismissal of said action Mr. Johnson began to make demands for the payment of the balance of his counsel fees provided for in the aforesaid agreement, which demand, after considerable correspondence being refused, resulted in the institution of the present action for the recovery of the balance alleged to be due on account of said fees. The complaint herein was stated in three counts or causes of action; the first being upon an account stated; the second upon a common count based upon the foregoing express agreement; and the third count upon a statement at length of the circumstances which had led up to the making of said contract, as a result of which it was alleged that a balance of $4,911.79 was due to the plaintiff's assignor. It is conceded that each of these counts or causes of action relate to the same transaction, and it is further expressly conceded by counsel for the appellant that ''neither the quantity of services rendered by attorney Johnson nor the value of his services were in any way to be brought into the action.'' The answer of the defendant consisted in denials that any account had ever been stated between the parties and that any sum whatever was due, owing, or unpaid to said Johnson or his assignee under the terms of the agreement, which was set forth in full in the complaint. Upon the trial of the case the respective parties went quite fully into the relation and correspondence of the parties which had preceded and resulted in the institution of said litigation, and upon the conclusion of the trial the court made and filed its findings of fact and conclusions of law, in the course of which the trial court found against the plaintiff upon the first alleged cause of action upon an account stated, but found in the plaintiff's favor upon the other two causes of action treated as having relation to one and the same transaction, and accordingly rendered judgment in the plaintiff's favor for said amount sued for in his complaint. A judgment having been entered for said amount this appeal has been taken and is being prosecuted by defendant Moore against said judgment.

The main contention upon which the appellant relies for a reversal of the judgment depends upon the interpretation

which this court is asked to place upon the terms of said contract of July 6, 1923, wherein the appellant agrees to pay "Five thousand dollars ($5,000) payable upon the date of the commencement of the trial of said action of George Gordon Moore *v.* Equitable Trust Company et al., hereinabove referred to, *or upon the date said action is settled.*" It is the contention of the appellant that the dismissal of the action at his instance and by stipulation entered into between himself as plaintiff and the several defendants in said action is not to be considered to be such a settlement of the action as would entitle plaintiff's assignor to the payment of the balance of his counsel fees under the terms of said agreement and for the recovery of which this action was brought. In making this contention the appellant insists that a proper interpretation of the phrase "settled" would contemplate the prior or contemporaneous payment to the plaintiff in the action to which said contract relates of a substantial sum of money as a basis for the dismissal of said action, and that since it nowhere appears herein that any sum of money was received by Moore as a consideration for his dismissal of the action, the same has not been "settled" within the proper meaning of that term. We are unable to give our concurrence to this interpretation of the terms of said agreement. [1] It would seem to be established by the authorities that the term "settled," when used with relation to pending litigation, has not acquired such a well-defined meaning as would enable the courts to interpret the intent of the parties in making use of said term in connection with the ending of such litigation without the aid of extrinsic evidence. (*Walsh* v. *New York, C. & H. R. R. Co.,* 204 N. Y. 58 [37 L. R. A. (N. S.) 1137–1140, 97 N. E. 408]; *Williams* v. *Marine Bank of Norfolk,* 132 Va. 379 [111 S. E. 94, 95]; *Adam* v. *Columbia Nat. etc. Co.,* 191 Ill. App. 378; *Wright* v. *Takito,* 210 Ill. App. 58–60; *Michael* v. *Donohoe,* 86 W. Va. 34 [102 S. E. 803].) This being so, the courts must have recourse to the context of the written agreement between the parties in which said term is employed, to the circumstances under which the agreement was made, including the state and various phases of the litigation to which the agreement relates, and to the conferences and correspondence between the parties pending the negotiation of the agreement wherein said term is employed. When we look

to the context of the agreement we discover that the purpose of the parties as therein expressed had relation to a particular action and that the intent of the parties was to "definitely settle the compensation which the said Archibald M. Johnson is entitled to for services that have been rendered and are to be rendered in connection with" said action, and we further learn that the sum of $10,000 was the sum thus definitely fixed upon as and for the amount of such compensation. The delayed half of such definite sum was by the terms of said agreement to be paid to said Johnson upon the happening of one of two events; the first of which was the commencement of the trial of said action, upon the date of which Johnson was to be paid said final sum. The other definite date upon which said final payment was to be made was "the date said action is settled." It would thus appear by reasonable intendment that said Johnson was to be paid this final portion of his fee either at a date prior to the termination of said action, or at the date when said action was terminated and ended without a trial. When we look beyond the context of said agreement for light upon the meaning of the term "settled" as employed therein, we find that George Gordon Moore had become involved in a quite tangled web of litigation, both in the New York and California courts, arising out of his business relations with the Equitable Trust Company and the Investment Registry of America, each apparently being a New York corporation, involving claims and counterclaims of large sums of money; that the California litigation in which his said local counsel were employed was in a large measure incidental to the main litigation between the parties which was being conducted and carried on in New York during the period between the date of the employment of said California counsel and the final termination of said litigation in the New York courts. It is also fairly inferable that the termination and dismissal of the case of *Moore* v. *Equitable Trust Company,* which up to said latter date had been pending here, depended in a large measure upon the result of the New York litigation. It is quite apparent from the record herein that the dismissal of the case of *Moore* v. *Equitable Trust Company* in California was a matter agreed upon between Moore and his opponents in that litigation in New York and after the main differences of said parties had been or were about to be ad-

justed there. This being so, it may not fairly be argued by the appellant herein that the stipulation for the dismissal of the California action was not based upon considerations which would be equally or even more valuable to the plaintiff Moore, than would have been the payment of a sum of money to him by way of damages as a basis for the dismissal of the California case. [2] But however this may be, we are of the opinion that it does not lie in the mouth of Moore to say, under such circumstances, that the dismissal thereof upon his own initiative and by his direction to his California counsel, was not predicated upon such a sufficient consideration as would have justified him in agreeing to a termination of said action without a trial thereof upon the merits; and if this is taken to be true the conclusion is inevitable that his direction to his California counsel to terminate said action by dismissal amounted to such a settlement thereof in his favor as would, under the terms of said agreement, have entitled the plaintiff's assignor to recover the remainder of his fee. The mere fact that in the stipulation for the dismissal of said action there was a provision that such dismissal was to be without prejudice to the right of the plaintiff to commence another action cannot be held to qualify the agreement therein for the termination of the particular action to which such stipulation related. Both of the agreements entered into between the defendant herein and plaintiff's assignor had reference to this particular action and not to whatever cause of action said Moore may have had against his opponents in the entire litigation. A fair interpretation of said agreement leads us to the conclusion that the agreed services of plaintiff's assignor were to be limited to the then pending action and were to be terminated when it came to an end, either by its trial or by its dismissal without trial, and that neither the services nor the fee of plaintiff's assignor was to be extended or to depend upon the institution of any later action or actions after the termination of the pending one.

In conclusion it may be stated that the evidence presented before the trial court in this case was quite conflicting in so far as it related to the intent of the parties to the contract sued upon, with reference to the meaning of the term "settled" as employed therein. This being so, and the trial court having resolved such conflict in favor of the interpre-

tation of said term insisted upon by the plaintiff's assignor, we are not disposed to interfere with the conclusion reached by the trial court in that regard.

The judgment is affirmed.

Curtis, J., Langdon, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.